265 P.3d 384

**In re the Matter of Tia Christine COOK, Petitioner/Appellant,**

v.

**Adam S. LOSNEGARD, Respondent/Appellee.**

**No. 1 CA–CV 10–0458.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 18, 2011.

Tia Christine Cook, Gilbert, Petitioner/Appellant In Propria Persona.

Gillespie, Shields & Durrant By Michelle Kunzman, Mark A. Shields, Mesa, Attorneys for Respondent/Appellee.

## OPINION

DOWNIE, Judge.

¶ 1 Tia Christine Cook ("Mother") appeals from certain orders of the family court. We affirm the allocation of travel expenses associated with Father's parenting time, as well as income determinations made for purposes of calculating child support. We vacate the modified child support order, though, because the family court specifically advised the parties it would not be considering child support at the time of trial, depriving Mother of her due process rights to notice and an opportunity to be heard.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Mother and Adam Losnegard ("Father") were never married but have a son in common. In 2006, the family court awarded Mother sole custody and ordered Father to pay child support of $860.31 per month.

¶ 3 In April 2009, Father, who had relocated to Washington, filed a "Petition for Modification of Child Custody." He requested joint custody and also asked the court to review child support "based on the parties' current financial circumstances, once a custody and access plan is determined." Mother opposed Father's requests.

¶ 4 After a trial, the family court affirmed the sole custody award. It also ordered the parties to share equally the costs of transporting their son for visits with Father, with each parent paying his or her own travel expenses. With respect to child support, the court ruled:

> Father's income is $3,464.00; Mother is attributed income at $3,640.00. Father pays child support for 2 other children at $973.00 per month; Mother is entitled to an adjustment for the support of one other minor child. Mother is responsible for medical insurance at $56.91 per month. After reviewing the record, the Court finds no competent evidence to support a further adjustment for daycare costs.

The court reduced Father's child support obligation to $270.19 per month and ordered the parties to pay unreimbursed medical expenses in proportion to their respective incomes.

¶ 5 In a motion for new trial, Mother argued the court had modified child support without adequate notice and without considering relevant information. She stated:

> [T]his ruling has excluded daycare cost, now making Mother fully responsible for the amount of $750.00 a month. The said ruling stated that the Court did not have "competent evidence to support a further adjustment for daycare cost." The Court did not have this "competent evidence" because the Courts [sic] Clerk returned all those exhibits to Mother directly after the hearing on February 9, 2010. Neither Party in the case discussed Child Support or their finances at trial.... Mother who the Court relieved her counsel less then [sic] a month from trial, was under the assumption that since this was a 4–D case that the Child Support ruling would be referred to a 4–D Judge with the Attorney General present. Mother has since contact [sic] the Attorney Generals [sic] Office and was informed that they had no knowledge of the Custody Hearing being a Child Support Hearing as well.

---

1. This section was recently reformatted and took effect July 20, 2011.

¶ 6 The court denied the motion for new trial. Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(A)(1), (A)(2), and (A)(5)(a).[1]

## DISCUSSION

¶ 7 Mother raises the following issues on appeal: (1) whether the court abused its discretion in allocating travel expenses associated with Father's parenting time; (2) whether the court erred by adjudicating child support; and (3) whether the court abused its discretion "when continuously denying mothers [sic] petitions, motions, and request for relief." We address these issues in turn, based on our understanding of Mother's arguments. *See Ace Auto. Products, Inc. v. Van Duyne,* 156 Ariz. 140, 143, 750 P.2d 898, 901 (App.1987) (it is not the role of the appellate court to decipher, develop, and address arguments not clearly presented).

### I. Travel Expenses

¶ 8 Mother's challenge to the allocation of travel expenses is premised on her contention that Father acted unreasonably in relocating to Washington. As such, Mother claims, she should not be required to contribute to her son's expenses when he travels to visit Father.

¶ 9 We review the allocation of travel expenses for an abuse of discretion. *See In re Marriage of Robinson and Thiel,* 201 Ariz. 328, 335, ¶ 19, 35 P.3d 89, 96 (App.2001). In making such decisions, "the court shall consider the means of the parents and may consider how their conduct (such as a change of residence) has affected the costs of parenting time." A.R.S. § 25–320, app. § 18. Whether an allocation is equitable depends on the facts of each case. *See Wood v. Wood,* 76 Ariz. 412, 418, 265 P.2d 778, 782 (1954).

¶ 10 The family court received extensive evidence regarding Father's relocation, much of which was conflicting. The court concluded Father had voluntarily relocated, but it declined to "penalize" him "for taking a reasonable job" in Washington.[2]

---

2. Father lived in Washington before he met Mother. His parents and daughter live in Washington.

¶ 11 In reviewing for an abuse of discretion, "[t]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason. We cannot substitute our discretion for that of the trial judge." *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985) (citation omitted). Based on the evidence presented, the family court reasonably could have concluded that Father's reasons for relocating were legitimate and that the parents should share their son's travel expenses.[3] We note that the court held Father solely responsible for travel expenses he incurs in exercising monthly overnight weekend visits he is entitled to in Arizona. Moreover, under the terms of the family court's order, visits to Washington will occur only if Father in fact exercises the weekend visits in Arizona to which he is entitled.

## II. Child Support

¶ 12 Mother next contends the court erred by modifying child support. She first argues Father voluntarily relocated and reduced his income, so the court should have based child support on his earning capacity and not his actual current income.

¶ 13 The family court has broad discretion in considering modification of child support. Absent an abuse of that discretion, we will not overturn its decision. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support' the decision." *Id.* (citation omitted).

¶ 14 The Arizona Supreme Court has adopted the Child Support Guidelines ("Guidelines"), codified at A.R.S. § 25–320. *Little*, 193 Ariz. at 521, ¶ 6, 975 P.2d at 111. Under the Guidelines, "when a parent is unemployed or working below his or her full earning potential, a trial court calculating the appropriate child support payment may impute income to that parent, up to full earning capacity, if the parent's earnings are reduced voluntarily and not for reasonable cause." *Id.* When a reduction in child support would place a child in financial peril, a downward modification is not appropriate. *Id.* at 522, ¶ 12, 975 P.2d at 112. In many cases, though, "the impact on the children will not be so severe as to place the children in peril. In those circumstances, courts must consider the overall reasonableness of a parent's voluntary decision to terminate employment. . . ." *Id.* at ¶ 13.

¶ 15 We have already held that a reasonable trier of fact could conclude that Father's relocation, employment change, and corresponding income reduction were reasonable under the circumstances. We thus find no error in using Father's actual income, rather than imputed income at a higher level, to calculate child support. Mother was given a full and fair opportunity to litigate the relocation-related issues at trial.

¶ 16 Mother also contends the family court provided inadequate notice that it would address child support at trial and, in fact, led her to believe child support modification would not be considered. We agree.

¶ 17 The question is not whether Father's petition, though denominated as one to modify custody, gave sufficient notice that child support modification would also be at issue. At the outset of trial, the court specifically advised that it would *not* be considering child support, stating:

> We are scheduled for trial. There's a trial on the father's petition to modify custody … *My notes indicate that this is a 4D matter, so I'm not inclined to listen to any evidence that would deal with the modification of the support obligation. . . .*

(Emphasis added.)[4] Consistent with this statement, evidence relevant to certain child

---

**3.** Mother also claims the travel orders are unworkable because she "is not medically able to travel nor is she able to leave her other children to do so." This argument was not raised below and may not be asserted for the first time on appeal. *Winters v. Ariz. Bd. of Educ.*, 207 Ariz.

173, 177, ¶ 13, 83 P.3d 1114, 1118 (App.2004) (issues not raised at trial are waived on appeal).

**4.** Additionally, in an earlier minute entry, the court said it would refer the issue of child sup-

support factors (e.g., childcare expenses) was not presented, though the income properly attributable to Father was fully litigated.

¶ 18 The record does not reflect how or why, given this statement, the family court decided to adjudicate child support in its post-trial ruling. "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16, 131 P.3d 480, 484 (App.2006). It also affords a party the opportunity to offer evidence and confront adverse witnesses. *Id.*

¶ 19 On this record, we cannot conclude Mother received adequate notice and an opportunity to be heard regarding issues relevant to child support modification. For example, Mother claims to have evidence of rather significant day care expenses that the court neither received nor considered. Instead, as noted *supra*, the court stated that after "reviewing the record," it could find "no competent evidence to support a further adjustment for daycare costs." And on the court's child support worksheet, no childcare costs are included.

¶ 20 We vacate the modified child support order and remand for appropriate modification proceedings. On remand, Father's income, which has been fully and fairly litigated, is not subject to further review unless it has changed since trial. The same is true of Mother's income. Mother's July 2009 Affidavit of Financial Information stated that her gross monthly income was $3640.66—the amount used by the family court. However, other child support-related factors that are not dependent on the parties' proportionate incomes (e.g., childcare expenses) should be addressed on remand.

### III. Remaining Issues

¶ 21 Finally, Mother argues the family court erred by "continuously denying" her requests. Among other generalized claims, Mother states that the court "would not listen" to her testimony and that "Father was heard in court several times while Mother was heard from very little."

¶ 22 To the extent Mother is alleging judicial bias, the record does not support such a claim. A trial judge is presumed to be free of bias and prejudice. A party must show by a preponderance of the evidence that the judge was, in fact, biased. *State v. Ramsey*, 211 Ariz. 529, 541, ¶ 38, 124 P.3d 756, 768 (App.2005). Mother has not established the existence of judicial bias, and our independent review of the record reveals none. Indeed, Mother prevailed on several significant contested issues, including custody and parenting time.

### CONCLUSION[5]

¶ 23 We affirm the family court's allocation of travel expenses. We vacate the modified child support order and remand for further proceedings consistent with this opinion. Father requests an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 25–324. After considering the financial resources of the parties and the reasonableness of their positions, we decline to award fees.

CONCURRING: PETER B. SWANN and DONN KESSLER, Judges.

---

port to a IV–D commissioner if it modified parenting time or custody, stating:
  [Father] has requested a review of child support in his petition for modification of child custody. The Court notes that this case is an open and active IV–D case. The parties are notified that this Court may refer the issue of child support to the IV–D Commissioner if, in fact, parenting time and/or child custody is modified by this Court.
The State waived its appearance at hearings in the case, noting they involved child custody and/or parenting time.

5. Mother does not clearly identify or properly develop any challenge to parenting time orders or the appointment of a parenting coordinator. She has thus waived any such claims on appeal. *See State v. Moody*, 208 Ariz. 424, 452 n. 9, ¶ 101, 94 P.3d 1119, 1147 n. 9 (2004); *Higgins v. Higgins*, 194 Ariz. 266, 270, ¶ 12, 981 P.2d 134, 138 (App.1999) (holding a *pro per* litigant to the same standard as an attorney).