NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRETT HONIG, *Plaintiff/Appellant,*

*v.*

ARIZONA HEALTH CARE COST CONTAINMENT
SYSTEM ADMINISTRATION, *Defendant/Appellee.*

No. 1 CA-CV 14-0727
FILED 5-28-2015

Appeal from the Superior Court in Maricopa County
No.  CV2014-094434
The Honorable David M. Talamante, Judge

**AFFIRMED**

COUNSEL

Brett Honig, Gilbert
*Plaintiff/Appellant*

Johnston Law Offices, P.L.C., Phoenix
By Logan T. Johnston
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge John C. Gemmill joined.

---

**B R O W N**, Judge:

**¶1**          Brett Honig appeals the dismissal of his complaint against the Arizona Health Care Cost Containment System Administration ("AHCCCS") for failure to state a claim upon which relief could be granted under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). For the following reasons, we affirm.

## BACKGROUND

**¶2**          Honig filed his complaint against AHCCCS on July 11, 2014, alleging he had been treated poorly by security guards and other employees when he went to speak with the legal department at AHCCCS. Honig asserted that one of the employees "needs to be disciplined" for what he did to Honig and there should be "an investigation" into the legal department. As suggested by a minute entry attached to the complaint, it appears that the incident giving rise to Honig's allegations was related to a separate matter pending in the superior court, in which he sought judicial review of an adverse AHCCCS administrative decision.

**¶3**          Honig served AHCCCS with the complaint on July 15, 2014. On August 11, Honig filed a motion for a hearing and three days later filed an application and affidavit for default. The trial court denied Honig's motion for a hearing without prejudice on August 20, noting in its minute entry that AHCCCS had not yet filed a responsive motion or pleading. That same day, the court issued a separate minute entry advising the parties that Honig had filed a letter in which he took issue with information allegedly provided to him by court staff and suggested the case should be transferred. The court declined to take any action on the letter, noting that it was an impermissible ex-parte communication because it had not been delivered to AHCCCS. Also on August 20, AHCCCS filed its motion to dismiss Honig's complaint pursuant to Rule 12(b)(6), asserting that dismissal was appropriate because the complaint failed to comply with Rule 8(a) and did not present a legally cognizable claim. In response, Honig

referenced his application for default and suggested that the case should be heard by a different judge.

¶4　　　　Honig later filed a motion for default, arguing that a default judgment should be entered because AHCCCS did not file a response within ten days of Honig's first motion for default judgment. The trial court denied Honig's motion, explaining that because AHCCCS filed its motion to dismiss within ten days of Honig's filing of his application and affidavit for default, under Rule 55(a) the matter could not proceed by default. The court also granted AHCCCS's motion to dismiss with prejudice and Honig timely appealed.

## DISCUSSION

¶5　　　　Honig argues the trial court erred by failing to grant a default judgment and by dismissing his complaint. Honig also asserts the court was biased in its rulings.

¶6　　　　At the outset, AHCCCS requests that we dismiss Honig's appeal for failure to comply with Arizona Rule of Civil Appellate Procedure 13, which requires the appellant to present significant arguments, set forth his or her position on the issues raised, and include citations to relevant authorities, statutes, and portions of the record. *See* ARCAP 13(a)(6). It is well established that pro se litigants are entitled to "no more consideration" than parties represented by counsel. *See Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000). However, because we generally prefer to decide each case on its merits rather than to dismiss summarily on procedural grounds, *see Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984), in our discretion we address the merits of Honig's argument based on our own review of the record.

¶7　　　　First, we reject Honig's argument that the trial court erred in failing to grant default judgment because AHCCCS "did not respond to the default judgment correctly." As stated in Rule 55(a), default may be entered only against a party who has failed to plead or otherwise defend within ten days from the filing of the application for entry of default. Because AHCCCS defended the complaint by filing its motion to dismiss before expiration of that ten-day period, under Rule 55(a)(4) default could not be entered.

¶8　　　　Second, the trial court did not err in dismissing Honig's complaint pursuant to Rule 12(b)(6). We review a dismissal for failure to state a claim under Rule 12(b)(6) de novo, assuming the truth of all well-plead factual allegations and all reasonable inferences therefrom. *Coleman*

*v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7, 9 (2012). A complaint must contain "[a] short and plain statement . . . showing that the pleader is entitled to relief." Ariz. R. Civ. P. 8(a)(1), (2). If a pleading does not comply with Rule 8, an opposing party may move to dismiss the action for "[f]ailure to state a claim upon which relief can be granted." Ariz. R. Civ. P. 12(b)(6); *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).

¶9　　　　The crux of Honig's complaint appears to be that a security guard, identified only by his first name and who works at the building in which the AHCCCS legal department is housed, was rude to Honig and unfairly asked him to leave the property. Assuming the truthfulness of these allegations, they do not present any cognizable legal theory showing that Honig is entitled to relief. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that a complaint may be properly dismissed for failure to state a claim "based on the lack of a cognizable legal theory"). The court could not, as a matter of law, order an "investigation" of the AHCCCS legal department based on the guard's acts, and, as a result, the relief requested cannot be reasonably construed as framing a legal claim for relief. Therefore, the court did not err by dismissing Honig's complaint for failure to state a claim.

¶10　　　　Finally, Honig claims that the trial court was biased and treated him unfairly because of his disability. A trial judge is presumed to be free of bias and prejudice, and a party alleging judicial bias must show by a preponderance of the evidence that the judge was, in fact, biased. *Cook v. Losnegard*, 228 Ariz. 202, 206, ¶ 22 (App. 2011); *see Stagecoach Trails MHC, LLC v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013) ("Judicial rulings alone do not support a finding of bias or partiality without a showing of an extrajudicial source of bias or deep-seated favoritism."). Because Honig makes no specific allegations, and nothing in the record suggests any bias or prejudice, we reject Honig's claim.

**CONCLUSION**

¶11　　　　We affirm the trial court's order dismissing Honig's complaint.

Ruth A. Willingham · Clerk of the Court
FILED: ama

4