NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

NAOMI M. SHARKEY, *Petitioner/Appellant,*

*v.*

NATHANIEL W. SHARKEY, *Respondent/Appellee.*

No. 1 CA-CV 15-0386 FC
FILED 5-24-2016

Appeal from the Superior Court in Maricopa County
No. FC 2014-095228
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Adam C. Rieth, PLLC, Gilbert
By Adam C. Rieth
*Counsel for Petitioner/Appellant*

The Harrian Law Firm, PLC, Glendale
By Daniel S. Riley
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

**¶1**        Naomi M. Sharkey (Mother) appeals portions of the family court's decree dissolving her marriage to Nathaniel W. Sharkey (Father), including the denial of Mother's request for spousal maintenance, the grant of partial transportation costs to Father, and the ruling declining to award Mother additional attorney fees beyond an interim amount previously awarded.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The parties were married approximately fifteen years and have one minor child together.  Mother resides in Arizona and Father resides in California.  In September 2014, Mother filed a petition for dissolution of marriage in Arizona.  At a temporary orders hearing in January 2015, the family court ordered Father to pay Mother $2,700 as an interim award of attorney fees.

**¶3**        Before trial, the parties resolved most of their disputed issues relating to the dissolution of their marriage and set forth their agreements in a stipulation pursuant to Rule 69, Arizona Rules of Family Law Procedure (ARFLP).[1]  The family court adopted that stipulation, in which the parties agreed that Mother's income was $3,466 per month, commencing February 1, 2015.  In her affidavit of financial information (AFI) dated March 25, 2015, Mother stated that her monthly income was $3,464 per month and listed monthly expenses of $5,120 per month.

**¶4**        The family court held trial on March 30, 2015 on the remaining disputed items, including Mother's request for spousal maintenance, Father's request for shared transportation costs for their minor child to visit

---

[1]        Under Rule 69, "an Agreement between the parties shall be valid and binding if (1) the agreement is in writing, or (2) the terms of the agreement are set forth on the record before a judge."  ARFLP 69.A.1-2.

with Father in California several times a year, and Mother's request for attorney fees.

¶5        Although the parties' Rule 69 stipulation listed that Mother's gross monthly income was $3,466, Father testified that just a week before the hearing, Mother disclosed her recent earning statements showing that her average monthly gross income for the preceding three months was approximately $4,100. Father testified that with Mother's increased income plus expected child support payments, Mother would not need spousal maintenance. Mother testified that her recent pay increase reflected overtime and bonuses that were not guaranteed. Father also challenged several expenses listed on Mother's AFI. Specifically, Father challenged Mother's rent amount for a three-bedroom apartment for only two people, her food allowance for two people, after-school transportation costs for a teenage son that could bike to his nearby school, clothing, and grooming expenses.

¶6        The family court awarded Mother child support of $878 per month, denied Mother spousal maintenance, ordered Mother to pay transportation costs for two of the trips for their son's visits with Father in California, and affirmed the interim award of attorney fees as a final award. Mother timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 and -2101.A.1 (West 2016).[2]

## DISCUSSION

### I.    Spousal Maintenance

¶7        We review the family court's denial of spousal maintenance for an abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14 (App. 1998). We review the evidence in the light most favorable to the prevailing party, and will uphold the family court's judgment if there is any reasonable supporting evidence. *Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984). We "infer from any judgment the findings necessary to sustain it if such additional findings do not conflict with express findings and are reasonably supported by the evidence." *Id*. (quoting *Wippman v. Rowe*, 24 Ariz. App. 522, 525 (1975)).

---

[2]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

¶8          Pursuant to A.R.S. § 25–319.A, the court may grant spousal support if it finds that the spouse seeking maintenance meets any one of these four threshold factors:

> 1.      Lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs.

> 2.      Is unable to be self-sufficient through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to be self-sufficient.

> 3.      Contributed to the educational opportunities of the other spouse.

> 4.      Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.[3]

¶9          In reviewing an award of spousal maintenance, we first consider whether the spouse meets one of the four requirements under A.R.S. § 25-319.A. *Gutierrez*, 193 Ariz. at 348, ¶ 15. If so, then we review the amount and duration of the award in consideration of the factors under A.R.S. § 25-319.B. *Id.*

¶10         Here, the family court found that Mother did not meet any of the four statutory criteria. The family court found that the parties had been married approximately fifteen years, during which time Mother, who is thirty eight years old:

> was not consistently employed. Since the separation she has obtained permanent full time employment and earns $20.00 per hour. The court finds that this income allows her to be self-sufficient through employment. She did not contribute to the educational opportunities of Father during the marriage.

---

[3]      Only one of the four requirements must be met to permit an award of spousal maintenance. *See Elliott v. Elliott*, 165 Ariz. 128, 136 (App. 1990) (noting that, after the court finds one requirement is met, additional requirements need not be analyzed because A.R.S. § 25-319.B governs the amount and duration of the award).

**¶11**        Mother argues the family court abused its discretion by denying an award of spousal maintenance.  Mother contends she is unable to be self-sufficient through self-employment and asserts the family court erred by failing to consider that her expenses, taxes, and other withholdings, exceeded her income.  Mother also argues the family court failed to consider her "reasonable needs in light of the parties' standard of living" during the marriage and that her AFI did not include items previously enjoyed during the marriage such as family gifts, recreation, entertainment, vacations, or emergencies.  Further, Mother argues the family court failed to determine whether she lacked sufficient property, including property apportioned to her, to provide for her reasonable needs.  Father argues that the family court acted within its discretion in finding Mother's monthly income to be in the range of $3,464 and $4,100 for spousal support purposes, given Mother's disclosures before the hearing of increased income and that, together with the child support award, Mother's income exceeds her expenses.

**¶12**        The family court found that Mother's income allowed her to be self-sufficient through employment and that she earned $20 per hour.  The record supports that determination.  Although the parties agreed before the evidentiary hearing that Mother's income was $3,466 per month, nothing prevented the family court from considering that, *after* the parties reached their agreement, Mother disclosed her recent paystubs reflecting an increased income of $4,100.  Although Mother testified the increased income was due to overtime and bonuses that were not guaranteed, we do not reweigh conflicting evidence and defer to the family court's assessment of witness credibility.  *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

**¶13**        Although the decree does not specifically mention Mother's expenses, we presume that the family court considered her expenses as listed on her AFI and Father's challenges thereto.  *See Fuentes v. Fuentes*, 209 Ariz. 51, 55–56, ¶ 18 (App. 2004) (noting that evidence admitted by the court is presumed to be considered).  We find the family court did not abuse its discretion in considering Father's challenges to Mother's income and expenses and finding Mother was able to be self-sufficient through appropriate employment.

**¶14**        Mother's argument that the family court erred is premised on her assertion that she is both unable to be self-sufficient through appropriate employment *and* lacked sufficient property to "fill the gap between her expenses and her after tax income."  Although this issue was listed in the pretrial statement, Mother did not urge the family court to rule on this factor or argue the issue at trial.  Accordingly, the issue is waived

and we do not address it. *See State v. Gendron*, 168 Ariz. 153, 154 (1991) (stating the general rule that failure to raise an issue at trial waives that issue on appeal).

## II.      Allocation of Transportation Costs

**¶15**      Mother next challenges the family court's allocation of transportation costs incurred when the child visits Father in California. Mother argues that Father agreed to pay all the transportation costs between Arizona and California, and that she cannot afford the transportation costs. We review the allocation of travel expenses for abuse of discretion. *Cook v. Losnegard*, 228 Ariz. 202, 204, ¶ 9 (App. 2011). Where one-way travel exceeds 100 miles, such as here, Arizona's Child Support Guidelines permit the family court to allocate travel expenses of the child associated with parenting time based on the "means of the parents" and may consider how the parents' conduct "affected the costs of parenting time." *See* A.R.S. § 25-320.18 (2011).

**¶16**      We find no abuse of discretion in the family court ordering Mother to pay round trip transportation costs for two of the child's visits with Father in California. The record supports that Mother has the means to pay such costs and she does not argue that Father's conduct increased the costs of parenting time. Finding no abuse of discretion, we affirm the allocation of transportation costs.

## III.     Attorney Fees

**¶17**      Finally, Mother challenges the family court's ruling that the interim attorney fees award of $2,700 was "a satisfactory allocation of a portion of Mother's reasonable attorney fees and costs, and declin[ing] to order an additional amount." The family court has discretion to determine the amount of attorney fees to be awarded in a dissolution proceeding. *Burkhardt v. Burkhardt*, 109 Ariz. 419, 421 (1973). In determining a reasonable fee award, the family court may draw upon its own experience and knowledge of the case. *Baum v. Baum*, 120 Ariz. 140, 146 (App. 1978). Pursuant to A.R.S. § 25-324, a trial court in a dissolution action may order one party to pay the other's attorney fees and costs after the trial court "consider[s] the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25–324.A, B. A court abuses its discretion when it commits an error of law in reaching its discretionary conclusion. *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008).

¶18        Mother argues that by not permitting her to file an application for attorney fees, the family court was unaware of the amount of her fees. On her AFI dated March 25, 2015, Mother listed her attorney fees paid to date as $5,838. Mother argues that amount did not include "negotiation and preparation" of the Rule 69 stipulation, preparation of the pre-trial statement, and preparation and attendance at the one-day trial. The family court found that "Father makes approximately 70% of the parties' current combined income[,]" and that the award to Mother of $2,700 in interim attorney fees was equivalent to almost half the total amount of fees listed in Mother's AFI. Therefore, the family court declined to award an additional amount. On this record, we find no abuse of discretion and affirm the attorney fees award.

## CONCLUSION

¶19        For the foregoing reasons, we affirm. In our discretion, we deny Mother's request for attorney fees. We award Father his costs upon compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

