NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

THOMAS H. STRONG, JR., *Petitioner/Appellee*,

*v.*

STEPHANI DENISE OWENS, *Respondent/Appellant*.

No. 1 CA-CV 17-0153 FC
FILED 1-23-2018

Appeal from the Superior Court in Maricopa County
No. FC2014-007248
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Dickinson Wright PLLC, Phoenix
By Dana M. Levy, Michael R. Scheurich, Michelle N. Khazai
*Counsel for Petitioner/Appellee*

Horne Slaton, PLLC, Scottsdale
By Thomas C. Horne, Sandra L. Slaton, Kristin M. Roebuck Bethell
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge John C. Gemmill[1] joined.

---

**C R U Z**, Judge:

¶1 Stephani Denise Owens ("Wife") appeals the superior court's denial of her motion for new trial and the underlying Decree of Dissolution ("Decree"). Wife challenges the award of joint legal decision-making and equal parenting time, acceptance of the Arizona Rule of Family Law Procedure ("Rule") 69 agreement, rescission of a minute entry at the time of the consent decree, the court's child support determination, and the appointment of a parenting coordinator. For the following reasons, we affirm as modified.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Wife and Thomas H. Strong, Jr. ("Husband"), were married in 1997. Husband and Wife have one child, T.S., born in 2004. Husband petitioned for dissolution in 2014.

¶3 Pursuant to Rule 69, the parties orally entered an agreement on the record in open court on February 22, 2016 ("Rule 69 Agreement"). The Rule 69 Agreement addressed: child custody; spousal maintenance; child support; the child's insurance; the child's extracurricular activities; personal property; Wife's personal injury claim; furnishings; life insurance; Husband's book publishing; any unclaimed property; a property equalization payment; Husband's personal property; child photos; debts; income tax liability; and a home equity line of credit, with the only issue purportedly remaining to resolve being the point value attributable to each party from an American Express credit card account. With counsel for both parties present, Husband and Wife agreed to enter into the agreement and stated that they believed it was fair and reasonable.

---

[1] The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

¶4        Wife thereafter filed a motion to set aside the Rule 69 Agreement, however, Wife did not request an evidentiary hearing or otherwise request that she be allowed to submit evidence in support of her motion.  Husband filed his notice of lodging form of decree, the court set a hearing on the matter for September 29, 2016, and Wife submitted a pretrial statement noting her corrections to Husband's form of decree.

¶5        At the September 29 hearing,[2] the court addressed the following disputes: the child's extracurricular activities and the method by which Husband would pay the first $12,000 of said activities; method of reimbursement to Wife for the child's medical expenses; a UBS brokerage account; whether unclaimed property could extend beyond Arizona; American Express points; the return of Wife's jewelry and Bibles; Wife's patent; the return of the cable box; a 529(B) account; equalization payment amount; a holiday parenting plan; and Wife's personal injury proceeds.  Also, briefly discussed was an existing order of protection for Wife and the child against Husband, set to expire as to the child only at the end of the day.  However, at the request of the parties, the relevance of the order of protection was not fully discussed because, per their representations to the court, the parties were not prepared for that issue and Wife's divorce counsel was not her counsel of record for the order of protection proceedings.  The court took the matter under advisement and issued its rulings on October 7, ordering the parties to resolve the sole remaining issue, the value of American Express points as of the date of service of the petition for dissolution, and to file a signed consent decree within two weeks.

¶6        Wife did not sign Husband's second proposed decree. Consequently, Husband filed a second notice of lodging on November 10, 2016, and the court set a December 8 conference to address the same.  Wife did not object.  Represented by new counsel at the December 8 conference, Wife entered an untimely objection to the second proposed decree.

¶7        The court entered the Decree on December 9, 2016.  The court also addressed Wife's contention that the granting of the order of protection required the court to conduct a hearing on whether the agreement and parenting plan were in the best interests of the child.  The court entered the Decree over Wife's untimely objection.

---

[2]        In lieu of live testimony, the parties agreed, with leave of the court, to proceed by way of avowals of counsel as well as the exhibits offered and admitted into evidence.

**¶8** On December 27, 2016, Wife filed a motion for a new trial or amended judgment. Among her arguments, Wife contended the court erred in not considering the order of protection. The court denied Wife's motion.

**¶9** Wife timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1), (5)(a).

## DISCUSSION[3]

I.    Order of Protection

**¶10** Wife argues the superior court erred by not considering the best interests of the child when it awarded joint legal decision-making and equal parenting time despite the existence of an order of protection.[4] Husband argues the superior court did independently determine, based on the evidence the parties provided, that the Rule 69 Agreement was in the best interests of the child and no specific findings of record were required because the matter was no longer contested. The issue turns on whether the existence of an order of protection—not properly introduced into evidence by either party but later attached to a motion for new trial—necessitates an independent determination of domestic violence by the superior court, pursuant to A.R.S. § 25-403 *et seq.*, notwithstanding the Rule 69 Agreement.

**¶11** We review the court's legal decision-making and parenting-time rulings for an abuse of discretion. *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3 (App. 2002). We do not reweigh the evidence and will affirm if substantial evidence supports the court's ruling. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

**¶12** Rule 69 provides that an agreement between the parties shall be valid and binding if the agreement is in writing, or the terms of the agreement are set forth on the record before a judge. Ariz. R. Fam. Law P.

---

[3]    We view the evidence in the light most favorable to upholding the superior court's decision. *Baker v. Meyer*, 237 Ariz. 112, 113, ¶ 2 (App. 2015).

[4]    Wife asks that this Court take judicial notice of the November 3, 2016 order of protection transcript. We decline to take judicial notice of the transcript, and need not take judicial notice of the order of protection because the order is included in the record.

69(A). The Rule 69 Agreement granted the parties joint legal decision-making and parenting time, and Wife and Husband both avowed that the agreement was in the best interests of the child. At no point during the February 22 hearing did Wife claim domestic violence or that joint legal decision-making and parenting time were contrary to the child's best interests. Accordingly, the court entered an order approving and adopting the Rule 69 Agreement, and found "it is in the best interests of the parties' minor [child]."

¶13        Wife thereafter informally brought the existence of an order of protection to the court's attention, but she did not request a hearing or challenge the Rule 69 Agreement on that basis until after the court had entered its final decree, when she filed her motion for new trial. In fact, at the September 29 hearing, Wife's counsel indicated she was not prepared to address the issue of the order of protection because she was not Wife's counsel on that matter. In its resulting order, the court acknowledged Wife's position but stated the existence of "an order of protection does not satisfy A.R.S. § 25-403.03," and there was nothing before the court to show the existence of significant domestic violence under § 25-403.03(A). The court further stated Wife failed to file anything to allege an act of domestic violence for the court's consideration under § 25-403.03(D), and that it therefore could not act in the absence of evidence. We agree. While evidence of domestic violence may preclude the grant of joint legal decision-making and parenting time, *see* A.R.S. § 25-403.03, the party seeking relief under that statute must properly present the matter before the court.

¶14        Section 25-411 provides that, "[a]t any time after a joint legal decision-making order is entered, a parent may petition the court for modification of the order on the basis of *evidence* that domestic violence involving . . . spousal abuse or child abuse [has] occurred . . . ." A.R.S. § 25-411(A) (emphasis added). But the court cannot seek evidence on its own. Wife was required to first "submit an affidavit or verified petition setting forth detailed facts supporting the requested modification[,]" and she failed to do so. A.R.S. § 25-411(L). Wife further failed to object to Husband's second notice of lodging of the decree. *See* Ariz. R. Fam. Law P. 81(C) (stating that judgment may be entered after the expiration of five days after the proposed form has been served).

**¶15** For the foregoing reasons, we hold the court did not err when it entered the decree awarding joint legal decision-making and parenting time, and affirm accordingly.[5]

II.     Rule 69 Agreement

**¶16** Wife argues on appeal, as she did in her March 18, 2016 objection and motion to set aside the Rule 69 Agreement, that the court abused its discretion when it failed to independently determine that the Rule 69 Agreement was fair and equitable according to *Sharp v. Sharp*, 179 Ariz. 205 (App. 1994).

**¶17** The court "may approve a valid separation and property settlement agreement and incorporate it into the dissolution decree if the agreement is free from fraud or undue influence and if it is fair and equitable." *Id.* at 208 (citing A.R.S. § 25-317(A)). Rule 69 allows parties to enter agreements orally in court and provides that such agreements "shall be valid and binding" and that "it shall be the burden of the party challenging the validity of the agreement to prove any defect[.]" Ariz. R. Fam. Law P. 69(B). "[P]ursuant to section 25-317(B), it is the court's duty to ensure that any separation and property settlement agreement reached by the parties is fair and equitable." *Sharp*, 179 Ariz. at 211. We review the court's determinations regarding dissolution for an abuse of discretion. *Id.* at 209.

**¶18** In *Sharp*, the wife signed a settlement agreement presented to her by her husband. *Id.* at 207. When the wife's attorney refused to accept the agreement, the husband moved to enforce it in a combined motion to enforce/motion for summary judgment. *Id.* at 208. In response, wife alleged the agreement was invalid because it was unfair and the result of undue influence. *Id.* Thus, *Sharp* did not involve a presumptively valid Rule 69 agreement, but instead was decided on summary judgment where the moving party bears the burden of proof, *see Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 119, ¶ 26 (App. 2008), and because there was a

---

[5] The court did err, in the Decree, when it specifically found "[t]here [were] no protective orders currently in place." The record shows that at the September 29 hearing, the parties informally advised the court of the existence of an order of protection and the court acknowledged having limited information regarding the same. As such, we strike that finding in the Decree, but uphold the court's determination that the agreed-upon joint legal decision-making and parenting time were in the best interests of the child.

factual dispute about whether it was fair and entered into freely, husband was not entitled to summary judgment, *Sharp*, 179 Ariz. at 210-11. Even so, the court explained when the need for an evidentiary hearing regarding the fairness of an agreement might arise:

> While it is possible for the trial court to decide by summary judgment whether an agreement is equitable, in this case there were plainly disputed facts on the question of the fairness of the agreement, and the court was presented no evidence as to the extent of the community assets. Although the dissolution decree states that the parties' agreements are not unfair, neither the decree nor the court's minute entry granting summary judgment contains any basis on which the court could have made such a determination and, indeed, there is no such evidence in the record on which such a conclusion could be based.

*Id.* at 210.

¶19            Unlike in *Sharp*, here, both parties met with counsel; negotiated an agreement; presented it to the superior court; and testified under oath they were familiar with and understood the agreement, they believed it fair and equitable, and were entering it freely without coercion or duress. In its February 22, 2016 minute entry and order, the court accepted the parties' agreement and found that it was knowingly, intelligently, and voluntarily entered into, was in the best interests of the child, and was equitable. Additionally, the court made a number of preliminary findings in October 2015, and when the court accepted the parties' oral agreement on February 22, the record contained the parties' joint prehearing statement for trial, which included descriptions of the parties' assets, a list of disputed issues, and each parties' position, and Wife's then-counsel stated there were no omitted assets.

¶20            Wife then sought to set aside the Rule 69 Agreement, claiming the Rule 69 Agreement was inequitable, unduly influenced, and that Wife did not have knowledgeable and independent counsel. Without making specific findings, the court denied the objection and motion to set aside. As noted above, the record contains sufficient evidence that the court determined the Rule 69 Agreement was fair and equitable.

¶21            Wife's contention that there remained outstanding issues at the time the agreement was entered into does not otherwise invalidate the Rule 69 Agreement. After the February 22, 2016 hearing, the court directed

the parties to present a final parenting plan and their arguments as to the proper value of American Express points, which would be equally divided. Similarly, at the February 22 hearing, the court addressed Wife's concerns regarding the division of debt and taxes. In contradiction to Wife's claim that the court erred in part because Husband hid tax information that Wife did not have access to, the court held an in-depth discussion regarding Wife's concern—tax liability and innocent spouse defense—after which Wife stated the court had answered all her questions.

¶22 Even though Wife's counsel at the time of the Rule 69 Agreement stated there were no omitted assets and Wife avowed she had sufficient information to make the agreement, Wife contends the court erred because Husband failed to produce certain requested items during discovery. Wife previously filed a motion to compel in 2015, granted in May 2015, and a motion to continue trial based on Husband's lack of disclosure. Wife re-urged discovery issues, and at an August 6, 2015 hearing, the court ordered the parties to exchange updated disclosure statements. On September 3, 2015, the court held oral argument regarding the scope of discovery, and limited the remaining portion of Wife's motion to compel to records within a six-month period prior to the time of filing the petition for dissolution, in accordance with Rule 49, as no waste claim was pled. No further discovery claims were raised before the February 22 hearing, and the only claim as to unknown information at the hearing was the tax liability issue, discussed above.

¶23 Wife again raised concerns regarding discovery at the September 29 hearing, however the court noted that Wife did not raise it as a contested issue in her joint prehearing statement or in her objection to Husband's lodged consent decree, and we further note that Wife did not list it as a reason to set aside the Rule 69 Agreement in her objection and motion to set aside.

¶24 The record reflects that the court was not required to conduct a formal evidentiary hearing. The court had sufficient evidence in the record and heard from the parties and their attorneys. Despite her ongoing discovery disputes, at the time of the Rule 69 Agreement, Wife testified she had sufficient information to make the agreement. Under these circumstances, the court properly exercised its discretion in making an implicit determination that the Rule 69 Agreement was fair and equitable.

III.    Rescission of Minute Entry

¶25        Wife argues the court erred when it rescinded its own minute entry at the time of the hearing without notice. Wife argues that error deprived her of her due process rights.

¶26        Due process entitles a party to notice and a meaningful opportunity to be heard, as well as the opportunity to offer evidence and confront adverse witnesses. *Cook v. Losnegard*, 228 Ariz. 202, 206, ¶ 18 (App. 2011). A family law judgment rendered without notice and meaningful opportunity to be heard cannot stand. *Cruz v. Garcia*, 240 Ariz. 233, 236, ¶ 12 (App. 2016).

¶27        Wife argues the court wrongly rescinded its November 16 minute entry setting the December 8 status conference, and that this rescission deprived her of her due process rights. In its November 16 minute entry, the court entered a standard order but set a status conference, not trial or another hearing, in response to Husband's second notice of lodging. In the minute entry, the court advised the parties as follows:

> Before the conference, counsel (or the party, if unrepresented) should confer with each other regarding: (1) the prospects for resolving the case without going to trial, (2) if the case is not resolved, when the case will be ready for trial and the anticipated length of the trial, (3) whether a custody evaluator . . . is needed, (4) deadlines for expert and other disclosure, (5) whether alternative dispute resolution is appropriate, (6) any other case management issues.

¶28        At the December 8 conference, the court was made aware of the additional language and rescinded it, stating the minute entry "just should have said status conference," because that is what Husband requested. The court thereafter corrected the November 16 minute entry to reflect solely the setting of the status conference on December 8, without the additional advising language to the parties.

¶29        Given the lengthy proceedings in the case, the Rule 69 Agreement entered into at the conclusion of the February 22 hearing, Wife's objection and motion to set aside the Rule 69 Agreement and the court order denying said motion, Husband's first notice of lodging, Wife's pre-September 29 hearing statement listing her objections to the notice of lodging, the September 29 hearing regarding Wife's objections to Husband's first notice of lodging, the court's subsequent under-advisement ruling specifically stating that trial occurred on February 22 and that a Rule

9

69 Agreement had been entered into, and Husband's second notice of lodging (to which Wife did not object), it cannot be said that Wife lacked either notice or a meaningful opportunity to be heard that thereby deprived her of her due process rights.

**¶30** Because we find more than sufficient evidence in the record to establish Wife was given notice and a meaningful opportunity to be heard, we affirm the court's order entering the Decree.

IV. Child Support

**¶31** Wife argues the court abused its discretion when it ordered child support payments that were not in the child's best interests and were unreasonable given Husband's income.

**¶32** The superior court has broad discretion to determine an appropriate award of child support, and we will uphold the award so far as it is supported by evidence. *Jenkins v. Jenkins*, 215 Ariz. 35, 37, ¶ 8 (App. 2007). While the guidelines provide a presumptive amount, and cap income generally at $20,000, they allow a parent to seek a deviation if such deviation is in the best interests of the child. *Nash v. Nash*, 232 Ariz. 473, 476, 478, ¶¶ 8, 16 (App. 2013); A.R.S. § 25-320 app. §§ 2(G)(2), 8 (2011). A parent seeking such deviation bears the burden of proof to establish that a higher amount is in the child's best interests. *Nash*, 232 Ariz. at 478, ¶ 16.

**¶33** Wife claims she requested a deviation based on Husband's income, however, the record does not support that claim. Wife's contentions that the Rule 69 Agreement "did not waive either parties' rights to assert a different calculation at any point," and that the court entered the child support payment over Wife's objections, misrepresent the record.

**¶34** The agreement that "[did] not waive either parties' rights to assert a different calculation at any point" was a pretrial stipulation on November 13, 2015. In the joint prehearing statement for trial, submitted on February 17, 2016, Wife contended a deviation would be appropriate because, as based on Husband's recommended child support value and the possibility Wife would have to pay for the child's continued participation in expensive activities, Wife would be unable to meet such payments without a deviation. At the hearing, the parties entered into a valid and binding Rule 69 Agreement, as discussed below, in which the parties agreed child support would be based on the $20,000 cap, but the court would use his income of $54,000 a month to determine the percentages of which each party would make additional payments. No separate deviation was requested. Further alleviating Wife's pretrial unrequested concern

regarding the need for a deviation, it was agreed that Husband would pay the first $12,000 per year of the child's extracurricular activity expenses, and any additional expenses would be paid according to an 85% Husband/15% Wife split as determined by Husband's $54,000 monthly income.

**¶35**        Husband proposed a specific child support obligation in his notice of lodging accordingly.  In her prehearing statement, Wife requested child support in the amount of $1,458.33 per month, but did not object to use of the cap or request a deviation.  Only at the December 8 conference did Wife's counsel orally raise a concern that no deviation was given and that such a failure was contrary to the best interests of the child.  As such, Wife did not properly request a deviation, and even assuming the issue was brought to the court's attention, the burden was on her to establish that a deviation was in the best interests of the child, which she has not done.  *See Nash*, 232 Ariz. at 478-79, ¶¶ 16-20.  We hold the court did not err in determining child support.

V.        Appointment of a Parenting Coordinator

**¶36**        Wife argues the court erred when it allowed the appointment of a parenting coordinator without proper stipulation under Rule 74.

**¶37**        Rule 74 provides that the court may appoint, at any time after entry of a legal decision-making or parenting time order, a parenting coordinator.  But the court can only appoint such parenting coordinator "if each parent has agreed to the appointment either by written stipulation or orally on the record in open court."  Ariz. R. Fam. Law P. 74(B).

**¶38**        At oral argument, Husband conceded there was no agreement as to the appointment of a parenting coordinator.  We therefore vacate the portion of the Decree appointing a parenting coordinator.

## CONCLUSION

**¶39**     For the foregoing reasons, we affirm as modified.

**¶40**     Husband requests attorneys' fees on appeal.  In exercising our discretion under A.R.S. § 25-324, we decline to award attorneys' fees.

