NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TAHA BARJAS MAHMOOD,
*Petitioner/Appellant*,

v.

ASHLEY NICOLE TURNER,
*Respondent/Appellee*.

No. 1 CA-CV 21-0625 FC

FILED 7-21-2022

Appeal from the Superior Court in Yavapai County
No. P1300DO201500344
The Honorable Cele Hancock, Judge

**VACATED AND REMANDED**

APPEARANCES

Taha Barjas Mahmood, Prescott Valley
*Petitioner/Appellant*

Ashley Nicole Turner, Prescott Valley
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

**¶1**         Taha Mahmood ("Father") appeals from the superior court's parenting-time and legal decision-making order.  We vacate and remand on due process grounds.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Father and Ashley Turner ("Mother") are former spouses who share one son, born in November 2013.  Father petitioned to dissolve the marriage in 2015.  The parties stipulated to joint legal decision-making and equal parenting-time, which the court adopted as a permanent order in September 2015.  The court later vacated the agreement and entered a dissolution decree, awarding Father sole legal decision-making and designating him the primary parent. Mother received supervised parenting time and was ordered to participate in drug testing.

**¶3**         Between 2015 and 2020, Mother and Father often asked the court to revisit parenting time and legal-decision making, filing motions in 2015, 2016, 2017, 2019 and 2020.  That last time, in February 2020, Mother petitioned for sole legal decision-making and parenting time.  The court held a March 2021 hearing on temporary orders.  Father appeared, and both parties testified.  Mother presented evidence.  The court then issued temporary orders granting sole legal decision-making to Mother and twice-weekly parenting time to Father.

**¶4**         That same month, Father's lawyer moved to withdraw as counsel in the lawsuit, which the court granted.  But the lawyer told the court that Father's "last known address" was Spouse Drive.  By this time, Father had already informed the court that he had moved from Spouse Drive to Navajo Drive.  Even so, the clerk sent later documents and correspondence to Father at the old Spouse Drive address.

**¶5**         Because of that, Father never received notice of a pre-trial hearing or trial, as the court's correspondence was mailed to Father's old address and returned as undeliverable.  Father did not appear for the

hearing or trial, but the superior court moved forward, hearing testimony from Mother. The court awarded sole legal decision-making to Mother, and reduced Father's parenting time. In doing so, it stressed Father's failure to appear, which caused "great concern" and showed that Father was not engaged "in the child's life in a meaningful way." Father appealed. We have jurisdiction. *See* A.R.S. § 12-120.21(A)(1), -2101(A)(2).

## DISCUSSION

**¶6** Although Father has not complied with ARCAP 13(a), we exercise our discretion to reach the merits of his appeal because a child's best interest hangs in the balance. *See Kelly v. Kelly*, 252 Ariz. 371, 375, ¶ 18 (App. 2021) ("A child's best interests reign supreme in custody disputes.").

**¶7** "[A] parent is entitled to due process whenever his or her custodial rights to a child will be determined by a proceeding." *Smart v. Cantor*, 117 Ariz. 539, 542 (1977). "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner," and "affords a party the opportunity to offer evidence and confront adverse witnesses." *Cook v. Losnegard*, 228 Ariz. 202, 206, ¶ 18 (App. 2011) (citation omitted). We review de novo whether the superior court afforded due process. *Backstrand v. Backstrand*, 250 Ariz. 339, 346, ¶ 28 (App. 2020).

**¶8** Father did not receive due process. After moving, Father provided his new mailing address to the court in February 2021, *see* Ariz. R. Fam. Law P. 9(b), which the court acknowledged in a March 2021 minute entry. But the court mailed future notices to the old address. They were returned as undeliverable, and the record does not show that Father ever received notice of the hearing or trial he missed.

**¶9** Still, the court proceeded without Father and granted Mother's petition to modify. Father was deprived of the chance to be heard. *See Losnegard*, 228 Ariz. at 206, ¶ 18; *Cruz v. Garcia*, 240 Ariz. 233, 236, ¶ 12 (App. 2016) ("A family law judgment rendered without notice and a meaningful opportunity to be heard cannot stand.").

**¶10** Mother suggests that Father received due process because she orally informed him about the hearing. The superior court cited Mother's testimony that she "last talked to Father a few days prior to the trial" and "handed Father the minute entry setting trial on Monday August 9, 2021." We are not persuaded. Mother's unsupported, self-serving assurances cannot demonstrate due process. *See Solorzano v. Jensen*, 250 Ariz. 348, 351,

¶ 13 (App. 2020) (due process violated when court accepted Mother's testimony "without seeing and hearing either [parent] testify" because "[t]he result was that there was no adversarial check on the information on which the court ruled").

## CONCLUSION

**¶11** We vacate the superior court's modification order and remand for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA