NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JOSHUA WEBSTER, *Petitioner/Appellee,*

*v.*

JAMIE SMITH, *Respondent/Appellant.*

No. 1 CA-CV 22-0145 FC

FILED 11-1-2022

Appeal from the Superior Court in Maricopa County
No. FC2018-091618
The Honorable David E. McDowell, Judge

**AFFIRMED**

COUNSEL

My AZ Lawyers, Mesa
By Alison Briggs, Candace Elizabeth Kallen
*Counsel for Petitioner/Appellee*

Modern Law, PLLC, Mesa
By Robyn Barrett
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

¶1          Jamie Smith ("Mother") appeals the superior court's order granting the petition to relocate, and to modify parenting time and child support filed by Joshua Webster ("Father"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY[1]

¶2          Mother and Father are parents of one minor child, A.W.S., born in April 2018. In March 2019, the parties entered into an agreement for joint legal decision-making and equal parenting time. The court entered child support orders after trial in July 2019. Fifteen months later, Father relocated to Tennessee due to his wife's employment, and in June 2021 he filed a petition to relocate the child to Tennessee. Mother objected to A.W.S.'s relocation and requested final legal decision-making.

¶3          After the parties filed resolution management statements and failed to reach an agreement, the superior court set an evidentiary hearing. At trial, Father, Father's wife, and Mother testified and submitted exhibits, but the superior court excluded three of Mother's four trial exhibits as untimely. The superior court ordered the parties to continue exercising joint legal decision-making as to all issues. The court found it was in A.W.S.'s best interests to relocate to Tennessee and provided a detailed parenting time schedule (one month on one month off) until A.W.S. starts preschool and then divided time over school breaks. The superior court also awarded Mother additional visitation in Tennessee one weekend per

---

[1]          Mother filed a motion alleging Father's answering brief relies on evidence outside the record and objecting to its consideration. To the degree that Father's brief may reference evidence outside the record on appeal, the motion is granted, and this court has not considered such evidence. *See Schaefer v. Murphey*, 131 Ariz. 295, 299 (1982) ("As an appellate court, we are confined to reviewing only those matters contained in the record").

month.  The superior court did not award child support to either party but ordered Father pay Mother for arrearages from a prior support award.  The superior court awarded Father attorneys' fees.

**¶4**　　　　　Mother timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶5**　　　　　As a preliminary matter, we note both parties' briefs fail to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13.  Father fails to adequately cite to the record in his statement of facts.  And both parties from time to time fail to cite to any legal authority to their arguments.  ARCAP 13(a)(4), (a)(7), and 21(a)(2).  This court may dismiss an appeal when the appellant fails to comply with the Rules of Civil Appellate Procedure.  *Adams v. Valley Nat. Bank of Ariz.*, 139 Ariz. 340, 342-43 (App. 1984).  In our discretion, however, we consider Mother's appeal and Father's response.  *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

I.　　　Relocation

**¶6**　　　　　Mother argues the superior court abused its discretion in granting Father's petition for relocation.  We review the superior court's relocation determination for abuse of discretion.  *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009).  "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision."  *Id.* (citation omitted).  The superior court also abuses its discretion where it commits an error of law in reaching a discretionary conclusion.  *Id.*  "We must give due regard to the trial court's opportunity to judge the credibility of the witnesses."  *Id.* at ¶ 16.  "Our duty on review does not include re-weighing conflicting evidence."  *Id.*  "Even though conflicting evidence may exist, we affirm the trial court's ruling if substantial evidence supports it."  *Id.*  We may not substitute our discretion for that of the trial judge.  *Cook v. Losnegard*, 228 Ariz. 202, 205, ¶ 11 (App. 2011).

**¶7**　　　　　Mother claims the superior court abused its discretion in granting Father's petition for relocation of the child because its decision (1) relied in part on evidence that Mother possessed a medical marijuana card, (2) was not based on the child's best interests under A.R.S. § 25-403, and (3) was not supported by substantial evidence.

**¶8**　　　　　In determining relocation, the superior court must consider the factors in A.R.S. § 25-408(I), as well as the best interests factors in A.R.S.

§ 25-403, and evidence of a parent's substance abuse or conviction for a drug offense. A.R.S. § 25-403.04.

¶9 The record shows the court considered all the aforementioned statutory factors. As to drug use or offenses, A.R.S. § 25-403.04 requires that,

> If the court determines that a parent has abused drugs or alcohol or has been convicted of any drug offense under title 13, chapter 34 or any violation of §§ 28-1381, 28-1382 or 28-1383 within twelve months before the petition or the request for legal decision-making or parenting time is filed, there is a rebuttable presumption that sole or joint legal decision-making by that parent is not in the child's best interests.

A.R.S. § 25-403.04 (footnote omitted). When considering evidence of a medical marijuana cardholder's use of marijuana, the superior court may not presume neglect or child endangerment, "unless the person's behavior creates an unreasonable danger to the safety of the minor as established by clear and convincing evidence." A.R.S. § 36-2813(D). Although the superior court found that Mother has a history of drug use, it also found that she has been sober for more than four years. And, while it is true that the court found that Mother's youngest child was "born with marijuana in her system," and only Father's speculative testimony could support such finding, this testimony did not prejudice Mother because the court ultimately found "insufficient evidence was introduced to justify a deviation from the statutory and common law presumption in favor of joint legal decision making." The court found that joint legal decision-making was in A.W.S.'s best interests. We find no error.

¶10 Mother argues the record was materially incomplete to effectively analyze A.W.S.'s best interests as to relocation because the superior court only admitted one of her four trial exhibits. Mother argues the superior court's findings were not supported by substantial evidence and that the superior court reached its decision without considering the evidence presented. Arizona Rule of Family Law Procedure 65(b)(1)(A)(B) provides, in part, that the court may sanction a person who fails to obey an order to provide discovery or fails to comply with a disclosure or discovery rule, by prohibiting that person from introducing designated matters in evidence. In considering the appropriate evidentiary sanction for a discovery violation, however, the superior court should use the least amount of power necessary to accomplish the necessary end; and it should consider the impact of the sanction on the child's best interests

determination regarding custody. *Hays v. Gama*, 205 Ariz. 99, 102-03, ¶¶ 17-18 (2003).

**¶11** The superior court excluded Mother's three exhibits because Mother failed to timely disclose them to Father. But this discovery sanction did not prejudice Mother. Although three of her untimely-submitted exhibits were excluded, Mother testified to the contents of all four exhibits. Additionally, the three excluded exhibits were previously filed and in the record. The superior court's minute entry evinces that, in making its best-interests determination, it considered Mother's testimony, the admitted exhibit, as well as all the evidence and the case history. The record was not materially incomplete, and the superior court evaluated all relevant evidence in its detailed analysis.

**¶12** Mother also argues that the court abused its discretion by repeatedly noting Father's testimony and not hers, and by "presuming" stability and continuity required A.W.S. to relocate with Father. Here, after hearing the witnesses' testimony and observing their demeanor, the superior court exercised its broad discretion in determining A.W.S.'s best interests, and we do not substitute our judgment for that of the superior court, nor do we reweigh conflicting evidence. *Porter v. Porter*, 21 Ariz. App. 300, 302 (1974); *Ward v. Ward*, 88 Ariz. 130, 135 (1960); *Cook*, 228 Ariz. at 205, ¶ 11. We find no error.

II.    Travel Expenses

**¶13** Mother argues the superior court abused its discretion in failing to order Father to pay Mother's travel expenses to visit A.W.S. in Tennessee one weekend per month. We review the allocation of travel expenses for abuse of discretion and will affirm if "a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason." *Cook*, 228 Ariz. at 204-05, ¶¶ 9, 11. The court may allocate *the child's travel expenses* associated with parenting time in cases where one-way travel exceeds 100 miles. A.R.S. § 25-320 app. ("Guidelines") § 18 (2018).[2] In allocating travel costs between them, the court shall consider "the means of the parents and may consider how their conduct (such as a change of residence) has affected the costs of parenting

---

2       The Child Support Guidelines were revised effective January 2022. However, the 2018 version of the Guidelines was in effect when Father filed his petition to relocate the child, on June 2, 2021.

time."  *Cook*, 228 Ariz. at 204, ¶ 9.  "Whether an allocation is equitable depends on the facts."  *Id.*

**¶14**        Here, the court allocated all of the child's travel expenses associated with Mother's parenting time to Father.  The court did not grant Mother's request that Father also pay for Mother's travel to Tennessee for her discretionary parenting time one weekend per month during the school year.  Mother fails to cite to any legal authority to support her argument that the superior court erred in failing to order Father to pay for her own personal travel expenses, and we have found no such authority.  The superior court exercised its broad discretion in allocating travel expenses in a reasonable manner, and we find no error.  *See Cook*, 228 Ariz. at 204-05, ¶¶ 9-11, 13.

## CONCLUSION

**¶15**        We affirm.  Both parties requested their attorneys' fees and costs on appeal.  Father failed to cite the applicable legal authority for his request.  *See* ARCAP 21(a)(2).  We have considered the relative financial resources of the parties and the reasonableness of the positions asserted on appeal.  A.R.S. § 25-324(A).  In the exercise of our discretion, we deny both parties their attorneys' fees on appeal.  As the prevailing party, Father is entitled to his costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA