IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

LUIS ALEXIS SOLORZANO, *Petitioner/Appellant*,

*v.*

JESSICA JENSEN, *Respondent/Appellee*.

No. 1 CA-CV 19-0772 FC

FILED 12-29-2020

Appeal from the Superior Court in Maricopa County
No. FC2014-051778
The Honorable John Christian Rea, Judge

**VACATED AND REMANDED**

COUNSEL

The Murray Law Offices, P.C., Scottsdale
By Stanley D. Murray
*Counsel for Petitioner/Appellant*

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Kristi A. Reardon, Alexandra Sandlin
*Counsel for Respondent/Appellee*

**OPINION**

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Peter B. Swann joined.

**W I N T H R O P**, Judge:

**¶1**        Appellant Luis Alexis Solorzano ("Father") challenges the superior court's modification of his child support obligation and award of attorneys' fees in favor of Appellee Jessica Jensen ("Mother"), contending the court denied him due process by assessing his credibility without hearing any in-person[1] testimony.  We agree and therefore vacate the court's ruling and remand for an evidentiary hearing.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In 2017, Father petitioned to modify legal decision-making authority, parenting time, and child support, and both parties filed emergency motions for temporary orders without notice.  At a settlement conference that followed, the parties reached agreement on all outstanding issues except child support.[2]

**¶3**        The court then set an evidentiary hearing to resolve child support and attorneys' fees.  At the hearing, the court spoke to both parties' counsel and proposed that they submit the matter on briefs.[3]  The parties

---

[1]        Although we use the phrase "in-person" testimony throughout, we simply mean sworn oral testimony that is seen and heard live, whether it be presented physically or virtually.

[2]        In February 2018, the parties also stipulated to the entry of a temporary child support order, requiring Father to pay $450 per month.

[3]        Although the court noted at the hearing that there had been significant conflict between the parties, it is unclear whether the court was, at this point, aware that the issue of child support would turn on disputed testimony or aware that the parties' briefs would likely allege vastly different truths.

agreed to file simultaneous briefs with party affidavits and supporting documents in lieu of live testimony.

¶4            After considering the briefs and submitted materials, the court found Father "did not provide . . . any documentation to substantiate" his claimed payments for childcare, extra educational expenses, or healthcare for the parties' child.  The court also found Father "not credible," determined that he was "attempting to hide his actual income," and ordered him to pay $815 in monthly child support.  The court also awarded Mother attorneys' fees, finding a substantial financial disparity and that Father had acted unreasonably by "failing to disclose pertinent information prior to the preceding Trial in this matter" and failing "to provide an updated and complete [Affidavit of Financial Information]."[4]

¶5            Father sought post-trial relief, arguing that the court "failed to allow testimony to resolve the issue of credibility."   After the court denied his post-trial motions, Father timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

## ANALYSIS

### I.     *Father Did Not Waive His Due Process Argument.*

¶6            Father concedes he agreed to limit his presentation to briefs, affidavits, and documentary evidence, but contends the court deprived him of due process by finding him not credible based on those documents alone. Mother contends Father waived his due process arguments by agreeing to proceed without in-person testimony.  She cites *Pearson v. Pearson*, 190 Ariz. 231, 234 (App. 1997), where we held a party who had agreed to proceed "by avowal" could not later challenge the sufficiency of the evidence on appeal. The issue here, however, is not the sufficiency of the evidence, but rather, the court's credibility assessments.  *See Volk v. Brame*, 235 Ariz. 462, 467, ¶ 16

---

4            The court certified the decree as final under Arizona Rule of Family Law Procedure ("Rule") 78(b) and (c).  Rule 78(c) certification was improper because Mother's claim for attorneys' fees and costs remained pending.  *See* Rule 78(c) (applies to a "judgment as to all claims, issues, and parties").  But Rule 78(b) certification was proper because that claim was the only issue left to be resolved.  *See Bollermann v. Nowlis*, 234 Ariz. 340, 342, ¶ 12 (2014) ("[F]amily courts can avoid unwarranted delay by requiring parties to submit fee applications within a defined time period . . . or by including Rule 78(B) language in rulings on the merits." (internal citation omitted)); *see also* Rule 78(e)(1).

(App. 2014) (stating that courts may not conduct a "trial by affidavit" if the "affidavits are directly in opposition upon any substantial and crucial fact relevant to the grounds for modification" (quoting *Pridgeon v. Superior Court*, 134 Ariz. 177, 181 (1982))). Indeed, we stated in *Pearson* that "[p]roceeding by avowal does not allow the court to evaluate the demeanor and credibility of the witnesses," which the court necessarily did in this case. *See Pearson*, 190 Ariz. at 234.

¶7 Mother also cites *Shacknai v. Shacknai*, 1 CA-CV 13-0555 FC, 2015 WL 3767157 (Ariz. App. June 16, 2015) (mem. decision). *See also* Ariz. R. Sup. Ct. 111(c)(1)(C) (explaining when a memorandum decision may be cited for persuasive value). There, the husband challenged a significant attorneys' fees award entered in a dispute over a property settlement agreement, arguing the court deprived him of due process and any chance to respond to the wife's fee application by not conducting an evidentiary hearing. *Id.* at *2, ¶¶ 8-9. We affirmed the award, concluding the husband had "clearly stipulated to have the question of attorneys' fees decided by the court based on the information provided . . . without an additional evidentiary hearing." *Id.* at *4, *7, ¶¶ 18, 34. But we also expressly distinguished *Volk* and acknowledged that due process requires an opportunity to present sworn testimony if the court addresses "a disputed issue requiring an assessment of credibility." *Id.* at *4, ¶¶ 19-20.

¶8 There is no indication that any of the issues raised in *Shacknai* required a credibility assessment. Moreover, unlike *Shacknai*, this case involves a minor child's needs. *See id.* at *1, ¶¶ 2-5. We typically decline to find waiver where a child's best interests are at issue, and we decline Mother's request that we do so here. *See Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013) ("[I]f the best interests of the child trump the consequences ordinarily imposed for violations of the rules, then they should not be ignored under the discretionary doctrine of waiver."); *Mendoza v. Mendoza*, 177 Ariz. 603, 605 (App. 1994) ("[E]ven an intentional waiver of child support is not binding on the courts and will be enforced only if the child's interests are not adversely affected.").

>    II.    *The Court Deprived Father of Due Process by Assessing His Credibility Without Hearing In-Person Testimony.*

¶9 Generally, due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner, as well as a chance to offer evidence and confront adverse witnesses. *Cook v. Losnegard*, 228 Ariz. 202, 206, ¶ 18 (App. 2011). We generally review a child support modification for an abuse of discretion. *State ex rel. Dep't of*

*Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003). But due process challenges present questions of law, which we review *de novo*. *Wassef v. Ariz. State Bd. of Dental Exam'rs*, 242 Ariz. 90, 93, ¶ 11 (App. 2017); *Mack v. Cruikshank*, 196 Ariz. 541, 544, ¶ 6 (App. 1999).

**¶10** Father contends that when a court assesses credibility, it must give parties an opportunity to present sworn oral testimony. He cites *Volk*, 235 Ariz. at 464, ¶ 1, where we reversed a child support ruling based on a due process violation. The superior court in that case allotted only fifteen minutes for the hearing and denied both parties' requests for more time. *Id.* at 465, ¶¶ 4-6. The court also denied the father's request to testify; instead, the court allowed each side's counsel to present documents supporting their positions and the court made its decision based on that information alone. *Id.* at 465-66, ¶¶ 9-11. We determined the court violated due process by "expressly reject[ing] the parties' efforts to testify" even though it recognized that "credibility was central to the issue before it." *Id.* at 466-67, ¶ 14.

**¶11** Here, the parties acknowledged during oral argument before this court that their prehearing briefs and affidavits raised issues of credibility. For example, Father stated in his affidavit that he lost his job in July 2018 because his then-employer "could not accommodate [his] conflicting parenting schedule[]." But Mother asserted Father had not previously disclosed his termination and argued that "[t]he extent to which [Father] can provide credible testimony is in considerable doubt." She also argued Father's decision to purchase an insurance agency was "a planned move, hidden for some unknown reason . . . until Mother requested a child support hearing." Mother further argued Father had failed to disclose any tax returns; Father contended he had not yet filed for 2017 or 2018.

**¶12** As for Mother, she contended she could not work as a cosmetologist even though she was licensed in California "many years ago." Father argued Mother could transfer the license to Arizona for a modest fee and asserted there was "no reason that she would be unable to find work." He also presented affidavit testimony that Mother "works 'under the table' for cash . . . to prepare people for weddings and other events." While Mother admitted she had done a "handful" of weddings and other events, she stated she had never worked full time as a cosmetologist and that her skills were "hardly up to par." The court's findings on these issues largely mirror Mother's affidavit testimony, further suggesting the court found her credible and Father not credible based on the documents alone. Accordingly, although there may be limited situations where credibility determinations can be made based on

declarations (for example, when a declaration is demonstrably contrary to a document), the affidavits presented here did not allow for such a determination absent testimony.

**¶13** In summary, the evidence of Father's and Mother's respective financial situations was closely contested. In increasing Father's monthly child support obligation to $815 from $450, the superior court found Mother more credible than Father, yet it did so without seeing and hearing either testify. The result was that there was no adversarial check on the information on which the court ruled. *See Volk*, 235 Ariz. at 469, ¶ 24. We therefore conclude Father was prejudiced, vacate the child support order and associated attorneys' fees award, and remand for an evidentiary hearing. *See id.* at 470, ¶ 26 ("Due process errors require reversal only if a party is thereby prejudiced.").

> *III.    We Decline to Award Attorneys' Fees and Costs on Appeal.*

**¶14** Both parties request their attorneys' fees and costs incurred on appeal pursuant to A.R.S. § 25-324(A), under which we must consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." Neither party took unreasonable positions in this appeal. Having considered the relevant financial evidence in the record, we decline to award attorneys' fees and costs.

## CONCLUSION

**¶15** We vacate the child support order and associated attorneys' fees award and remand for an evidentiary hearing. We do not address the merits of the dispute and express no opinion as to either party's position.

