NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

LISA ANN OLIVEIRA, *Petitioner/Appellee*,

*v.*

JOHN ERIC OLIVEIRA, *Respondent/Appellant.*

No. 1 CA-CV 20-0456 FC
FILED 6-1-2021

Appeal from the Superior Court in Maricopa County
No. FC2007-001225
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

John Eric Oliveira, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1        John Eric Oliveira ("Father") appeals an award of child support arrearages in favor of Lisa Ann Oliveira ("Mother"), contending the court denied him the due process right to be heard and present evidence, and that equitable defenses barred Mother's recovery. For the following reasons, we affirm the award.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Father and Mother divorced in 2007. In the decree of dissolution, Father was ordered to pay monthly child support to Mother. Later, Mother petitioned to modify the child support. The court held an evidentiary hearing in April 2012 to address her petition. Father alleges that, immediately following the evidentiary hearing, he and Mother "met outside the court" and verbally agreed that neither party would pay child support, provided Father would "contribute to the 'material needs' of the children . . . [including] Father's non-biological step-daughter." Shortly after the alleged verbal agreement, however, the court issued a child support modification order which increased Father's monthly support obligation beginning in June 2012. Despite the order, Father contends Mother subsequently confirmed the verbal agreement to modify Father's support obligation via text message.

¶3        In 2013, the court scheduled another evidentiary hearing to address child support. Mother moved to vacate the hearing, acknowledging in her motion that, while Father was not current with support, she did not want the court's assistance because the previous enforcement process "took an immense emotional and financial toll on [her] and [her] children." Mother also stated that she was not forfeiting her rights to support. The court vacated the evidentiary hearing. Between 2014 and 2019, Mother moved several times to garnish Father's wages pursuant to the modified support order.

¶4          In January 2020, Mother petitioned to enforce the modified child support order, alleging Father owed significant child support arrearages. Father's response to the petition contended Mother "voluntarily relinquished any claim to child support arrearages by verbal agreement with [Father] in April of 2012," and argued such agreement was confirmed via text message. Father also claimed the equitable defenses of waiver, estoppel, and laches.

¶5          While not entirely clear from the record, it appears Father may have submitted several exhibits to the court in advance of the evidentiary hearing. At the hearing, Father referenced a transcript from a telephone conversation he and Mother had, and testified the parties had a verbal agreement to modify the support order. Father also testified that under the modified agreement Father was only required to provide for the material needs of the children, and that Mother intentionally delayed bringing her claim. Although Father stated he had "clear and compelling evidence" of the verbal agreement, and evidence of Mother's intentional delay, he never moved for the admission of any exhibits into evidence. Mother testified that there was no modification agreement between the parties and that she repeatedly tried to get Father current on child support, including several attempts to garnish Father's wages.

¶6          At the conclusion of the hearing, the court noted that, absent a court approved modification agreement, the court was obligated to honor the existing order and entered an arrearage judgment against Father.[1] Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).[2]

## DISCUSSION

¶7          On appeal, Father argues the "court deprived [him] of due process by refusing Father [a] meaningful opportunity to be heard and present evidence" and alleges the court erred in failing to apply the

---

[1] Father does not assign error to the court's arrearage calculation. We therefore consider the issue waived. *Van Loan v. Van Loan*, 116 Ariz. 272, 274 (1977) ("The failure to raise an issue . . . in briefs on appeal constitutes waiver of the issue.").

[2] Mother failed to file an answering brief. In our discretion we decline to treat Mother's failure as a concession of reversible error, see *Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994), and instead consider the merits of Father's appeal, *see Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

equitable defenses of waiver, equitable estoppel, and laches as a bar to Mother's recovery.

¶8 We review the decision to award child support arrearages for an abuse of discretion, *Ferrer v. Ferrer*, 138 Ariz. 138, 140 (App. 1983), and accept the trial court's findings of fact unless clearly erroneous, *Alley v. Stevens*, 209 Ariz. 426, 428, ¶ 6 (App. 2004).

    *I.    Due Process*

¶9 "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner, as well as a chance to offer evidence and confront adverse witnesses." *Solorzano v. Jensen*, 250 Ariz. 348, 350, ¶ 9 (App. 2020).

¶10 Father first argues he was denied due process because he was "not provided a meaningful time to present [his] exhibits in a meaningful manner." He cites *Heidbreder v. Heidbreder*, 230 Ariz. 377, 379, ¶ 1 (App. 2012), where this court vacated a child support modification order based on a due process violation. In *Heidbreder*, during a hearing to address custody of the parties' children, the superior court *sua sponte* raised the issue of child support and, despite recognizing that neither party was prepared to present information regarding the issue of child support, proceeded without allowing mother the opportunity to prepare and submit evidence. *Id.* at 379, 381, ¶¶ 4, 14. There, this court determined the superior court's subsequent modification order deprived mother of due process because she "received inadequate notice that the court would address child support at the custody hearing," and because she was denied the opportunity to gather and present evidence. *Id.* at 381, ¶¶ 13–14. Father also cites *Cook v. Losnegard*, 228 Ariz. 202, 203, ¶ 1 (App. 2011), where this court reversed the superior court's modification of a child support order on the basis that mother received inadequate notice that the court would address the child support issue at trial.

¶11 Father's case is distinguishable from both *Heidbreder* and *Cook*. Here, Father received several notices of the evidentiary hearing to address Mother's petition to enforce the child support order and responded to Mother's petition. He gathered and apparently submitted exhibits to the court in advance of the hearing, and was provided the opportunity to be heard at the hearing. While Father failed to offer his exhibits into evidence, such failure cannot be attributed to the court.

¶12 Father also argues he was denied due process because he was not permitted to cross-examine Mother at the hearing. However, Father

never requested the court's permission to cross-examine Mother. While we acknowledge that Father was not represented by counsel, "a party who conducts a case without an attorney is entitled to no more consideration from the court than a party represented by counsel, and is held to the same standards expected of a lawyer." *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000).

**¶13**        On this record, Father has failed to show that his due process rights were violated.

*II.        Equitable Defenses*

**¶14**        Father contends the equitable defenses of waiver, estoppel, and laches bar Mother's recovery of child support arrearages. We disagree. Although Arizona courts have held equitable defenses may bar recovery of child support arrearages, these defenses must be established by clear and compelling evidence, *Schnepp v. State ex rel. Dep't of Econ. Sec.*, 183 Ariz. 24, 27–30 (App. 1995), which Father has failed to do.

**¶15**        To establish waiver, Father was required to show that Mother "voluntarily and intentionally abandoned a known right." *Id.* at 28. Clear and compelling evidence of waiver can take the form of a written waiver or an admission of waiver by the support-seeking parent. *Ray v. Mangum*, 163 Ariz. 329, 333 (1989). But "[w]here conflicting testimony exists and the parties' unspoken assumptions and intentions conflict, one party's belief [that the other waived child support] cannot provide clear and [compelling] evidence of [a waiver]." *Id.*

**¶16**        At the evidentiary hearing, Mother disputed Father's contention of a verbal agreement waiving child support and testified that, following the modified order, she made several attempts to garnish Father's wages—an assertion which, as noted above, is supported by the record. Father's contention that Mother's verbal waiver was confirmed via text message is unsupported by the record on appeal. And while Father attached to his appellate brief the alleged text message exchange, as well as other documents, we do not consider such exhibits as they were not admitted into evidence at the evidentiary hearing. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4–5 (App. 1990) (evidence not considered by trial court may not be considered by appellate court). Without evidence of written waiver or an admission by Mother, Father's contention of waiver fails. *See Ray*, 163 Ariz. at 333.

**¶17**        To establish estoppel, Father was required to show by clear and compelling evidence that Mother engaged in "conduct by which [she]

induce[d] [him] to believe in certain material facts; acts resulting from justifiable reliance on the inducement[s]; and injury caused by the resulting acts." *Schnepp*, 183 Ariz. at 29. Father again relies on the alleged statement that Mother agreed to waive child support. However, as noted, *supra* ¶ 15, conflicting testimony and disputed assumptions and intentions do not constitute clear and compelling evidence. *Ray*, 163 Ariz. at 333. Father also relies on Mother's delay in filing for enforcement of the modified order. While Mother did not file for enforcement until 2020, she made several attempts to garnish Father's wages. Such conduct could not have induced Father to believe that Mother intended to forfeit her rights to child support. Father has failed to show the court abused its discretion in rejecting his equitable estoppel defense as a bar to Mother's recovery.

¶18        To establish laches, Father had to show by clear and compelling evidence that Mother unreasonably delayed bringing her claim for past support and that he was prejudiced by this delay. *See Schnepp*, 183 Ariz. at 30. A parent is not relieved of his or her child support obligation "merely because the [other] parent is dilatory in bringing a claim for support arrearages." *Id.*

¶19        The record does not show that Mother unreasonably delayed bringing her claim for arrearages. As noted, *supra* ¶ 3, Mother represented to the court that she did not desire the court's assistance with enforcement as the previous enforcement process "took an immense emotional and financial toll on [her] and [her] children," and instead sought to garnish Father's wages. An approximately eight-year delay in pursuing a claim for arrearages is not per se unreasonable. *See Schnepp*, 183 Ariz. at 30 (holding six and a half year delay in seeking to collect arrearages was not unreasonable; citing with approval other jurisdictions' decisions that 11-year and 14-year delays did not bar recovery of arrearages based on laches); *State ex rel. Dep't of Econ. Sec. v. Dodd*, 181 Ariz. 183, 188 (App. 1994) (holding nine-year delay in pursuing arrearage was not unreasonable when mother believed father did not have the resources to pay); *Anonymous Wife v. Anonymous Husband*, 153 Ariz. 573, 577–78 (1987) (holding financial hardship caused by ten-year delay in seeking child support did not establish laches when father knew someone else was bearing financial responsibility for his child).

¶20        In any event, Father has failed to show by clear and compelling evidence how he was prejudiced by the delay. The only evidence regarding prejudice is Father's testimony that he undertook certain financial obligations he would not otherwise have taken. Again,

Father has shown no abuse of discretion where the court rejected his defense under the doctrine of laches.

## CONCLUSION

**¶21**　　　Father has failed to show he was denied his due process right to be heard and present evidence, and has also failed to show the court abused its discretion in rejecting his equitable defenses. Consequently, we affirm the child support arrearages award for Mother.

