NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRANDON K., DELIA B., *Appellants*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.K., A.K., *Appellees*.

No. 1 CA-JV 21-0146
FILED 11-2-2021

Appeal from the Superior Court in Maricopa County
No. JD37036
The Honorable Michael J. Herrod, Judge

**VACATED IN PART; AFFIRMED IN PART**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Suzanne Sanchez, Seth Draper
*Counsel for Appellant Delia B.*

Maricopa County Legal Defender's Office, Phoenix
By Jamie R. Heller
*Counsel for Appellant Brandon K.*

Arizona Attorney General's Office, Mesa
By Tom Jose
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**G A S S**, Judge:

¶1        Father and mother appeal the superior court's decision to terminate their parental rights. They raise three issues on appeal. First, they argue the superior court violated their due process rights when it conducted their termination hearing virtually. Second, they assert reasonable evidence did not support the superior court's finding that termination of their parental rights served the children's best interests. Third, they argue the superior court committed reversible error by including erroneous factual findings regarding their child A.K.'s age and adoptability.

¶2        Because the combination of video and telephonic termination proceedings did not deprive father and mother of their due process rights and the superior court based its best-interests determination upon reasonable evidence, even with the erroneous factual findings concerning A.K., we affirm the termination order. We, however, vacate the superior court's decision to strike the erroneous factual findings from its original decision terminating parents' parental rights because father filed the notice of appeal before the superior court made this modification.

### FACTUAL AND PROCEDURAL HISTORY

¶3        Father and mother have three minor children—J.K., A.K., and K.K. K.K. reached adulthood before the superior court completed the termination process.

¶4        The Department of Child Safety (DCS) became involved with this family and filed a petition to take all three children into temporary physical custody. At that time, DCS alleged the children were "dependent due to abuse or neglect . . . ." DCS based this allegation, in part, on mother leaving the children at home alone so she could visit father in California. While mother was visiting father, the family was evicted from their home. The superior court subsequently issued an order placing the children in DCS's temporary legal care.

**¶5** A month after the superior court placed the children with DCS, mother moved to change the children's placement to father's aunt and uncle. The superior court placed the children as mother requested, but it ordered father and mother not to reside with the children's paternal great aunt and uncle.

**¶6** DCS subsequently learned father and mother have a history of domestic violence and father committed domestic violence in the children's presence. DCS also learned father and mother had "opioid addictions and used illegally obtained opioids in the home while the children were present."

**¶7** Father and mother have been in a methadone treatment program for their opioid addictions. They, however, have not sought any other services to treat the underlying causes of their substance abuse issues. They also have not sought any services to treat the underlying causes of their domestic violence issues.

**¶8** During the dependency, both parents failed to acquire stable housing despite assistance from DCS and Casey Family Programs. Casey provides intensive services for parents during the reunification process.

**¶9** Because father and mother failed to remedy their substance-abuse problems and housing instability, DCS moved to terminate their parental rights as to A.K., and as to J.K. a month later.

**¶10** Because of the COVID-19 pandemic and before the trial date, the Arizona Supreme Court issued an administrative order permitting juvenile courts to hold proceedings virtually with teleconferencing or videoconferencing. *See* Ariz. Sup. Ct. Admin. Order No. 2020-197 (Dec. 3, 2020). Consistent with the Administrative Order, the superior court made plans to hold the termination hearing virtually. Upon learning of the superior court's plans to hold a virtual termination proceeding, mother filed a motion to require all parties and witnesses to appear in person for the hearing. Mother made these requests because she feared the virtual hearing would infringe on her right to a fair trial, arguing the virtual format would not provide the same procedural safeguards as an in-person hearing. Father joined the motion. DCS and the children's guardian ad litem (GAL) objected. The superior court denied the motion.

**¶11** Mother then filed a motion asking the superior court to hold the hearing in person or to stay the proceeding until it could be heard in person. Father offered no position, but DCS and the GAL again objected.

The superior court denied the request, moving forward with its plans to hold a virtual hearing.

¶12 After the virtual hearing, the superior court found DCS proved by clear and convincing evidence adequate grounds for terminating both parents' parental rights under A.R.S. §§ 8-533.B.3 (chronic substance abuse) and 8-533.B.8(c) (out-of-home placement for a period over fifteen months). The superior court also found by a preponderance of the evidence termination was in the children's best interests. Father and mother timely appealed. In the order, the superior court made factual errors in its best-interests determination regarding A.K.'s age and adoptability.

¶13 After father filed his notice of appeal, DCS moved to strike the superior court's erroneous best-interests findings. Specifically, DCS moved to strike the portions of the superior court's decision saying A.K.—now an eight-year-old child—"will likely age out before an adoption can be completed" and other erroneous findings based on her "turn[ing] 18[-years-old] on June 13, 2021." The superior court granted DCS's motion as submitted.

¶14 Because none of the parties mentioned the superior court's factual errors in their briefs on appeal, this court ordered the parties to submit supplemental briefing to determine: (1) whether the superior court had jurisdiction to strike portions of its April 19, 2021 order after the parents filed a notice of appeal; (2) whether the superior court's best-interests determination stands if the superior court lacked jurisdiction to strike the inaccurate findings in its April 19, 2021 order; and (3) whether the superior court's remaining findings support a best-interests determination if the superior court had jurisdiction to strike the record.

¶15 This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A.1, and 12-2101.A.1.

## ANALYSIS

¶16 To terminate parental rights, the superior court must find by clear and convincing evidence a statutory ground for termination under A.R.S. § 8-533, and by a preponderance of the evidence termination of the parental rights will be in the children's best interests. *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50, ¶ 8 (2018). This court views the evidence in the light most favorable to sustaining the superior court's ruling and will affirm if reasonable evidence supports the ruling. *See Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009).

4

### I. The superior court lacked jurisdiction to modify the April 19, 2021 termination order.

**¶17**        Generally, in juvenile cases, a superior court lacks jurisdiction to modify its order after a party files a notice of appeal. *See* Ariz. R.P. Juv. Ct. 103(F). Rule 103(F) provides exceptions for the general rule. None of the Rule 103(F) exceptions apply here. *See Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 298, ¶ 25 n.3 (App. 2020) (citing *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 537, ¶ 11 n.5 (App. 2018)). Because this court did not revest jurisdiction in the superior court under Rule 103(F)(1), either on its own motion or otherwise, the superior court could act only if a listed exceptions apply.

**¶18**        DCS argues the superior court acted within its Rule 103(F)(4) authority, which allows the superior court to make rulings on issues "remaining before it or newly presented to it" if "the juvenile court's ruling on the issue would not legally or practically prevent the appellate court from granting the relief requested on appeal." But father filed his notice of appeal on April 20, 2021. DCS did not file its motion to amend the order until April 22, 2021 — two days after the superior court was divested of jurisdiction. Accordingly, at the time DCS filed its motion to amend, the issue of whether the superior court made factual errors regarding A.K.'s age and adoptability was before this court, not the superior court. *See* Ariz. R.P. Juv. Ct. 103(F). And DCS's motion to amend did not rely on a newly presented issue. Instead, DCS's motion sought to address the best-interests issue and the accuracy of the superior court's ruling. This very issue, however, came before this court in the petition itself — and, therefore, the notice of appeal divested the superior court of jurisdiction upon filing. As such, regardless of whether "the juvenile court's ruling on the issue would not legally or practically prevent the appellate court from granting the relief requested on appeal," the superior court could not rule on the issue or strike any portion of its earlier ruling. DCS, therefore, misplaces its reliance on Rule 103(F)(4).

**¶19**        In short, the superior court lacked jurisdiction on May 6, 2021, when it entered DCS's proposed order amending the termination ruling dated April 19, 2021. We, therefore, vacate the May 6, 2021 order.

### II. The superior court did not violate father's and mother's due process rights by holding their termination hearing using a combination of video and telephonic means.

¶20 This court reviews denials of motions to continue for abuse of discretion. *See Yavapai Cnty. Juv. Action No. J-9365*, 157 Ariz. 497, 499 (App. 1988). But this court reviews due process challenges *de novo*. *See Solorzano v. Jensen*, 250 Ariz. 348, 350, ¶ 9 (App. 2020). This court reviews procedural due process challenges under the test established in *Mathews v. Eldridge*, 424 U.S. 319, 333–35 (1976). *Dep't of Child Safety v. Beene*, 235 Ariz. 300, 305, ¶ 11 (App. 2014). Under the *Mathews* test, this court balances four factors: (1) the nature of the proceedings; (2) the private interests at stake; (3) the interests of the state; and (4) the risk that the procedures used will lead to erroneous decisions. *Id.* This court will reverse only if father and mother establish the superior court prejudiced a substantial right. *See Roberto F. v. Ariz. Dep't of Econ. Sec.*, 232 Ariz. 45, 50, ¶ 18 (App. 2013) (quoting *Creach v. Angulo*, 189 Ariz. 212, 214 (1997)). They cannot rely on speculation but instead must prove sufficient prejudice to establish a reasonable fact finder could have reached a different result. *See Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 448, ¶ 38 (2018).

¶21 Father and mother argue the superior court violated their due process rights by denying their motion for witnesses and parties to appear in person and mother's motion either to continue the hearing or for emergency stay, and instead conducting their termination hearing virtually rather than in person. We disagree.

¶22 Using the *Mathews* test, the superior court did not err. To begin, termination hearings are of critical importance. *See Beene*, 235 Ariz. at 306, ¶ 13. We are mindful of the parents' significant interest in raising their children and the children's significant interest in permanency. *See id.* The State has a strong interest in seeing the parents receive a fair trial and in achieving prompt permanency for the children. *See id.*

¶23 With those interests in mind and consistent with due process, even before the COVID-19 pandemic, Arizona's Rules of Procedure for the Juvenile Court allow for "telephonic testimony or argument or video conferencing in any dependency, guardianship or *termination of parental rights hearings*." *See* Ariz. R.P. Juv. Ct. 42 (emphasis added). Considering the dangers posed by the COVID-19 pandemic, virtual hearings have allowed Arizona's courts to serve the public while at the same time protecting the rights of those involved in the termination hearing process. *See Candice B. v. Dep't of Child Safety*, 1 CA-JV 20-0207, 2021 WL 345396, at *4, ¶ 16 (Ariz. App. Feb. 2, 2021) (mem. decision) (conducting a termination hearing using a combination of video and telephonic means does not violate a parent's due process rights); *see also State v. Story*, 1 CA-CR 20-0523, 2021 WL 3160854, at *2, ¶ 11 (Ariz. App. July 27, 2021) (mem. decision) (allowing

jurors to appear via videoconferencing for jury selection does not violate a criminal defendant's due process rights).

**¶24** This court's ruling in *Candice B.* is instructive and persuasive. *See* 1 CA-JV 20-0207, at *3–4, ¶¶ 13–16. In *Candice B.*, the superior court planned to hold a parent's termination hearing telephonically to avoid health risks associated with COVID-19. *Id.* at *3, ¶ 13. Upon learning of the superior court's plans, the parent moved to continue the trial until the hearing could be held in person. *Id.* The superior court denied the parent's motion. *Id.* This court affirmed because the parent showed "no indication that [the parent] was prevented from fully participating in the trial or that the court could not adequately judge the credibility of the witnesses." *Id.* at *4, ¶ 16.

**¶25** *Candice B.* is on point. *See id.* at *3–4, ¶¶ 13–16. Father's and mother's case here is analogous to the parent's case in *Candice B. See id.* Both cases involved due process challenges to termination hearings merely because the superior court scheduled the hearings to be held virtually as a measure to protect litigants from the dangers posed by COVID-19. *See id.* Father and mother have not identified any reason for us to resolve this case differently. And father and mother had other procedural safeguards at their disposal during the termination hearing. Arizona's Rules of Evidence provide several means of challenging a witness' credibility, such as challenging a witness' character for truthfulness (Ariz. R. Evid. 608), impeaching by prior past convictions (Ariz. R. Evid. 609), and impeaching by prior inconsistent statements (Ariz. R. Evid. 613).

**¶26** In short, father and mother had available and adequate procedural safeguards. *See Candice B.*, 1 CA-JV 20-0207, at *3–4, ¶¶ 13–16. The superior court did not violate father's and mother's due process rights by holding a virtual termination hearing. *See id.* Accordingly, the superior court did not abuse its discretion in denying mother's motion to continue. *See J-9365*, 157 Ariz. at 499. The superior court, therefore, also did not abuse its discretion in denying father's and mother's motion to appear in person.

**III.** **Reasonable evidence supported the superior court's finding termination served the children's best interests.**

**¶27** The parents do not challenge the superior court's findings on the grounds for termination, instead they challenge only its best-interests determination. Once the superior court determines DCS proved a statutory ground for termination, "the focus shifts to the interests of the child as distinct from those of the parent." *See Kent K. v. Bobby M.*, 210 Ariz. 279, 285,

¶ 31 (2005). "[T]ermination is in the child's best interests if either: (1) the child will benefit from the [termination]; or (2) the child will be harmed if [termination] is denied." *Alma S.*, 245 Ariz. at 150, ¶ 13. This court will affirm the superior court's best-interests determination if it is supported by reasonable evidence. *Id.* at 151, ¶ 18.

### A. The superior court did not make an erroneous best-interests determination merely because it held a virtual termination hearing.

¶28        Father and mother argue reasonable evidence did not support the superior court's termination of their parental rights because the superior court did not base its witness credibility determinations on in-person testimony. Because the virtual termination hearing did not violate father's and mother's procedural due process rights and they had other procedural safeguards to determine witness credibility, we disagree. *See supra* ¶¶ 20–25.

¶29        The superior court found J.K. adoptable because J.K.'s family placement was willing to adopt. *See Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98, ¶ 11 (App. 2016) (explaining "it is well established that 'adoptable' status is a benefit that may, in consideration with other factors, support the 'best interests' finding"). The superior court also determined "[t]he children would benefit from termination because they would have stable homes free from substance abuse and domestic violence." The superior court went on to find continuing placement with their paternal great aunt and uncle would serve the children's best interests because it would "allow the children to maintain relationships with [their] extended family . . . ."

### B. Even with the superior court's erroneous factual findings regarding A.K.'s age and adoptability, the superior court's best-interests determination is based on reasonable evidence.

¶30        Father and mother argue the superior court's best-interests determination must be reversed because it made erroneous findings regarding A.K.'s age and adoptability. We disagree.

¶31        We agree the superior court made factual errors when it found A.K.—now an eight-year-old child—"will turn age 18 on June 13, 2021" and, therefore, "will likely age out before an adoption can be completed." Though the superior court tried to cure this defect by later striking the erroneous findings, it lacked jurisdiction to do so because father

already filed a notice of appeal. *See supra* ¶¶ 17–19. The superior court, however, did not commit reversible error because its best-interests determination sufficiently rested on other findings. *Supra* ¶ 29.

**¶32**          A child's adoptability is just one factor in the best-interests analysis. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5 (App. 1998) (explaining "[o]ne factor the court may properly consider in favor of [termination] is the immediate availability of an adoptive placement"). This court has affirmed a superior court's decision to terminate a parent's parental rights despite erroneously finding a child is adoptable when other factors weigh in favor of termination. *William C. v. Vanessa L.*, 2 CA-JV 2017-0212, 2018 WL 1831919, *2–4, ¶¶ 10–15 (Ariz. App. Apr. 17, 2018). Here, the superior court's finding A.K. was not adoptable because of the child's age would militate against termination, so the error is without prejudice because A.K. is in fact much younger and adoptable. *Cf. id.* (reasoning an erroneous finding of adoptability did not warrant reversal). This case involves the inverse of the superior court's error in *William C.*, rendering any error more likely to be harmless. *See id.* Further, this court has affirmed a superior court's termination order when its best-interests determination contained other erroneous factual findings. *Adriana R. v. Dep't of Child Safety*, 1 CA-JV 17-0243, 2017 WL 6521055, at *4, ¶ 13 (Ariz. App. Dec. 21, 2017).

**¶33**          The issue is whether accurate factual findings in the record sufficiently support the best-interests determination. Here, the superior court made other valid findings supporting its best-interests determination. *See supra* ¶ 29 (finding the children "would benefit from termination because they would have stable homes free from substance abuse and domestic violence" and placement with their paternal great aunt and uncle would "allow the children to maintain relationships with [their] extended family . . ."). These additional findings independently support the superior court's decision to terminate mother's and father's parental rights. *See, e.g.*, *Aliese H. v. Dep't of Child Safety*, 245 Ariz. 569, 572, ¶ 10 (App. 2018) (holding a best-interests determination "independently" supported by either the benefit the children would receive if they were "placed with a familial, potentially adoptive placement" or the detriment they would experience from "remain[ing] in care for an indefinite period"); *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 19 (App. 2004) (finding of a benefit or a harm is sufficient to support best-interests determination).

**¶34**          The superior court, therefore, based its best-interests determination upon reasonable evidence, notwithstanding the errors.

## CONCLUSION

**¶35** Based on the above, we vacate the superior court's May 6, 2021 order and affirm the April 19, 2021 decision.



AMY M. WOOD • Clerk of the Court
FILED:   AA

10