NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

TAMMY R., *Appellant*,

*v.*

LANCE B., A.R., *Appellees*.

No. 1 CA-JV 21-0207
FILED 11-16-2021

---

Appeal from the Superior Court in Coconino County
No. S0300AD202000129
The Honorable Elaine Fridlund-Horne, Judge

**AFFIRMED**

---

COUNSEL

Coconino County Public Defender's Office, Flagstaff
By Rhys Campbell
*Counsel for Appellant*

Jonathan D. Conant, Attorney at Law PLLC, Prescott
By Jonathan D. Conant
*Counsel for Appellee Lance B.*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**G A S S**, Judge:

¶1            Mother raises two arguments in her appeal of the superior court's decision to terminate her parental rights. First, mother argues the superior court violated her due process rights by holding a virtual trial to terminate her parental rights. Second, she argues the superior court should have *sua sponte* continued the trial until mother had a better internet connection and could continue testifying by video rather than having her participate and testify by telephone. Because the superior court did not err, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2            The parents have participated in three cases involving this child. In the first case, the Department of Child Safety (DCS) initiated a dependency proceeding against mother and father. Father prevailed and gained custody of the child. In the second case, the superior court ordered mother's parenting time to be supervised. In the same action, father later obtained a protective order preventing mother from contacting the child.

¶3            After the protective order expired, father filed this private termination action in Coconino County. In father's petition, he sought to terminate mother's parental rights based on A.R.S. § 8-533.B.1 (abandonment) and § 8-533.B.3 (chronic drug abuse).

¶4            The superior court held a termination trial using a combination of video and telephonic conferencing. When the superior court held the trial, the Arizona Supreme Court had authorized presiding superior court judges to conduct termination trials using video or telephonic conferences. *See* Ariz. Sup. Ct. Admin. Order No. 2020-197 (Dec. 3, 2020). Coconino County Superior Court Administrative Order Number 2021-002 permitted the same. *See* Coconino Cnty. Super. Ct. Admin. Order No. 2021-002 (May 27, 2021).

¶5            Mother alleges her counsel objected to the virtual termination trial when her counsel said, "I'd just like to put on the record that the—I

believe it's an open question as to confrontation clause, et cetera, whether [virtual] trials are sufficient. I just want to put that on the record." Mother appeared by video, but she experienced a few internet connection problems, at which point the superior court had her participate by telephone. The superior court judge, however, noted she could hear all mother's testimony. Mother also alleged other witnesses had issues testifying virtually. For instance, "the court reporter had to type 'indiscernible' [and] 'inaudible' into the record."

¶6　　　　After the trial, the superior court terminated mother's parental rights based on abandonment under A.R.S. § 8-533.B.1. The superior court also found terminating mother's parental rights served the child's best interests because father's wife—the child's stepmother—planned to adopt her and "she ha[d] been there for everything" since the summer of 2018. Mother timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A.1, and 12-2101.A.1.

## ANALYSIS

¶7　　　　To terminate parental rights, the superior court must find by clear and convincing evidence a statutory ground for termination under A.R.S. § 8-533, and by a preponderance of the evidence termination of the parental rights will be in the child's best interests. *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50, ¶ 8 (2018). This court views the evidence in the light most favorable to sustaining the superior court's ruling and will affirm if reasonable evidence supports the ruling. *See Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 94, ¶ 18 (App. 2009).

## I.　The superior court did not violate mother's due process rights when it held a virtual trial.

¶8　　　　Mother argues harmless-error review applies because her attorney sufficiently preserved her due process objection when she said, "I'd just like to put on the record that the—I believe it's an open question as to confrontation clause, et cetera, whether [virtual] trials are sufficient. I just want to put that on the record." Father argues fundamental-error review applies because mother's counsel's statement was insufficient. We need not reach this issue because the superior court did not err. *See, e.g.*, *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018) (explaining "the first step in fundamental error review is determining whether trial error exists"); *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005) (explaining when a party properly objects, harmless-error review preserves the challenged issue for

TAMMY R. v. LANCE B., A.R.
Decision of the Court

appeal and "places the burden on the [non-objecting party] to prove . . . *error did not contribute*" to the outcome (emphasis added)).

¶9            This court reviews due process challenges *de novo. See Solorzano v. Jensen*, 250 Ariz. 348, 350, ¶ 9 (App. 2020). This court reviews procedural due process challenges under the test established in *Mathews v. Eldridge*, 424 U.S. 319, 333–35 (1976). *Dep't of Child Safety v. Beene*, 235 Ariz. 300, 305, ¶ 11 (App. 2014); *see also Kent K. v. Bobby M.*, 210 Ariz. 279, 286, ¶ 33 (2005) (applying the *Mathews* test to a privately-initiated termination action). Under the *Mathews* test, this court balances four factors: (1) the nature of the proceedings; (2) the private interests at stake; (3) the interests of the State; and (4) the risk procedures used will lead to erroneous decisions. *Beene*, 235 Ariz. at 305, ¶ 11. This court will reverse only if mother establishes the superior court prejudiced a substantial right. *See Roberto F. v. Ariz. Dep't of Econ. Sec.*, 232 Ariz. 45, 50, ¶ 18 (App. 2013) (quoting *Creach v. Angulo*, 189 Ariz. 212, 214 (1997)). Mother cannot rely on speculation but instead must prove sufficient prejudice to establish a reasonable fact finder could have reached a different result. *See Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 448, ¶ 38 (2018).

¶10          Using the *Mathews* test, the superior court did not err by holding a virtual termination trial. With respect to the first prong, termination trials are of critical importance. *See Beene*, 235 Ariz. at 306, ¶ 13. Moving to the second prong, mother and father have significant interests in raising their child and the child has a significant interest in permanency. *See id.* And under the third prong, the State has significant interests in termination proceedings, including ensuring the parents receive a fair trial and achieving prompt permanency for the child. *See id.* Accordingly, the rights of the private parties involved in this case, the interests of the State, and the nature of the proceeding are of great importance.

¶11          Under the fourth prong, however, the superior court's use of a combination of phone and video conferencing in termination trials does not yield a high risk of erroneous decision-making. Even before the COVID-19 pandemic, Arizona's Rules of Procedure for the Juvenile Court allowed for "telephonic testimony or argument or video conferencing in any dependency, guardianship or *termination of parental rights [trials].*" *See* Ariz. R.P. Juv. Ct. 42 (emphasis added). Considering the dangers posed by the COVID-19 pandemic, video and telephonic trials have allowed Arizona's courts to serve the public while at the same time protecting the rights of those involved in the termination trial process. *See Candice B. v. Dep't of Child Safety*, 1 CA-JV 20-0207, 2021 WL 345396, at *4, ¶ 16 (Ariz. App. Feb. 2, 2021) (mem. decision) (conducting a termination trial using a combination of

4

video and telephonic means does not violate a parent's due process rights); *see also State v. Story*, 1 CA-CR 20-0523, 2021 WL 3160854, at *2, ¶ 11 (Ariz. App. July 27, 2021) (mem. decision) (allowing jurors to appear via videoconferencing for jury selection does not violate a criminal defendant's due process rights).

**¶12** Mother argues the court should have *sua sponte* stayed the trial when it instructed her to appear telephonically instead of by video. We disagree. Arizona courts consistently have denied parents' requests to continue termination trials until they could appear in person, reasoning a superior court's use of telephonic and video conferencing does not violate parents' rights to due process. *See, e.g., Brandon K. v. Dep't of Child Safety*, 1 CA-JV 21-0146, 2021 WL 509338, at *4, ¶ 26. (Ariz. App. Nov. 2, 2021); *Candice B.*, 1 CA-JV 20-0207, at *4, ¶ 16. The superior court's decision to move ahead with the trial also did not undermine mother's ability to challenge credibility. Arizona's Rules of Evidence provide several means of challenging a witness's credibility, such as challenging a witness's character for truthfulness (Ariz. R. Evid. 608), impeaching by prior past convictions (Ariz. R. Evid. 609), and impeaching by prior inconsistent statements (Ariz. R. Evid. 613).

**¶13** Moreover, mother's mere speculation the outcome would differ is insufficient because reasonable evidence supports the superior court's termination of her parental rights. *See Brenda D.*, 243 Ariz. at 448, ¶ 39. The superior court found mother abandoned the child because she did not request parenting time until after father filed the petition to terminate and she did not provide child support after 2017. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, 251, ¶¶ 17, 24–26 (2000) (explaining a parent may abandon a child by failing to exercise any efforts to visit with a child or support a child for a period of six months). Reasonable evidence supports the superior court's finding termination would be in the child's best interests because the child would benefit from stepmother's adoption plans. *See Aleise H. v. Dep't of Child Safety*, 245 Ariz. 569, 572, ¶ 10 (App. 2018) (A best-interests determination could be "independently" supported by either the benefit the children would receive if they were "placed with a familial, potentially adoptive placement" or the detriment they would experience from "remain[ing] in care for an indefinite period."). Additionally, this case did not turn on credibility determinations. And mother does not point to any additional evidence she would have presented to undermine the superior court's findings had she appeared in person.

**¶14** Accordingly, the superior court did not err by holding a virtual trial.

## II. The superior court did not err when it instructed mother to participate and testify by telephone rather than continuing the trial.

¶15     Mother argues the superior court erred when it did not *sua sponte* stay the termination trial until she had a better internet connection.

¶16     Generally, the superior court will not grant motions to continue in a juvenile proceeding unless they are in writing, made in good faith, and the requesting party states with specificity the reasons for the continuance. *See* Ariz. R.P. Juv. Ct. 46.A, .F. Here, mother testified for long stretches of the trial without notable internet connectivity issues. And when mother started having internet connectivity issues, the superior court judge could still hear her—though with some difficulty—and was repeating her statements. But even if mother did experience some issues testifying virtually, Arizona courts have never afforded litigants perfect trials. *See State v. Dann*, 205 Ariz. 557, 565, ¶ 18 (2003) (explaining litigants are entitled "to a fair trial, *not a perfect one*" (quoting *Rose v. Clark*, 478 U.S. 570, 579 (1986) (emphasis added))).

¶17     As a final matter, mother's counsel did not move to continue once mother experienced internet connectivity issues. We, therefore, will not speculate whether the superior court should have granted relief if mother's counsel had made such a motion. *See State v. Rutledge*, 205 Ariz. 7, 13, ¶¶ 29–30 (explaining parties cannot preserve an issue for appeal unless they "make a timely objection stating the specific ground for [the] objection"); *see also Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000) (explaining this court "generally do[es] not consider issues, even constitutional issues, raised for the first time on appeal"). The superior court, therefore, did not err given the absence of a request from a party.

## CONCLUSION

¶18     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA