NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

NATASHIA LYNN VILLANUEVA, *Petitioner/Appellant*,

*v.*

CORD CHANTRY BOWERS, *Respondent/Appellee*.

No. 1 CA-CV 25-0345 FC

FILED 06-11-2026

Appeal from the Superior Court in Mohave County
No. S8015DO202400364
The Honorable Richard D. Lambert, Judge

**VACATED IN PART AND REMANDED**

COUNSEL

Natashia Villanueva, Galena, OH
*Petitioner/Appellant*

Berkshire Law Office PLLC, Tempe, AZ
By Keith Berkshire, Alexandra Sandlin, Elizabeth Nanez, Alicia Derr
*Counsel for Respondent/Appellee*

———————————————

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

———————————————

**M O R S E**, Judge:

¶1  Natashia Villanueva ("Mother") appeals the superior court's child support order. For the following reasons, we vacate the order and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶2  Mother and Cord Bowers ("Father") divorced in Texas in 2015. In 2018, Mother lived in Iowa, and the Texas court awarded Father sole legal decision-making authority for the parties' three children, named him the primary residential parent, and granted Mother limited parenting time in Texas. The court continued Mother's obligation to pay $334.54 in child support each month as set forth in the dissolution decree.

¶3  Father later relocated to Mohave County with the children. In June 2024, Mother—who then resided in Ohio—registered the Texas decree and modification order in Arizona and petitioned to modify legal decision-making authority, parenting time, and child support.

¶4  After a hearing, the superior court found a significant and continuing change in circumstances warranted modifying the previous orders. It granted Father sole legal decision-making authority and designated him the primary residential parent. The court ordered that Mother have parenting time on holidays and school breaks and required her to exercise that parenting time in Mohave County. The superior court also modified Mother's child support payment from $344.54 per month to $1,997 per month.

¶5  Mother appealed the superior court's modification order. We have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶6  Mother challenges the superior court's child support order, arguing the court abused its discretion by imputing income to her without

competent evidence. Mother also challenged the legal decision-making and parenting time orders, but after the superior court modified those orders on March 10, 2026, the parties agreed that her appeal of those rulings is moot.

## I.    Waiver under ARCAP 13.

¶7        Mother's opening and reply briefs failed to comply with ARCAP Rule 13 and Arizona Rule of the Supreme Court 111(c)(1). Mother's opening brief contained citations to a non-existent case, citations to cases with incorrect and impossible pin cites, citations to a memorandum decision issued before 2015, and other errors. Father noted these issues in his answering brief and argued Mother's arguments should be considered waived. Mother responded to this argument by denying the errors and insisting her citations were correct. This Court ordered Mother to file a supplemental brief to address her citation problems, and she then confessed she used generative artificial intelligence to produce her briefs and failed to check the accuracy of her briefs' citations.

¶8        We may consider an argument waived if it is "not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (quoting *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013)). Mother's briefs are inadequately supported by legal authority. But waiver is a discretionary doctrine. *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536, ¶ 9 (App. 2018). We generally decline to find waiver when a child's best interests are at issue. *Solorzano v. Jensen*, 250 Ariz. 348, 350, ¶ 8 (App. 2020). Because the calculation of child support affects the best interests of the children here, we decline to find waiver. *See id.*

## II.    Child Support.

¶9        We review a superior court's award of child support for an abuse of discretion and accept its findings of fact unless they are clearly erroneous. *Engel v. Landman*, 221 Ariz. 504, 510, ¶ 21 (App. 2009). The Arizona Child Support Guidelines, A.R.S. § 25-320 app. ("Guidelines") state that child support income—income for purposes of calculating child support—includes income from any source. Guidelines § II.A.1.a–b. Mother did not give the superior court any tax returns, paystubs, or wage and tax statements to establish her income for purposes of calculating child support. The Affidavit of Financial Information ("AFI") she submitted to the court listed gross monthly income of $2,511, monthly expenses of $10,480, and debt totaling $2,088. Mother indicated that she had paid her attorney $20,000 in fees and noted the source of those funds as "self." She

left blank the portion of the AFI requesting her total gross income for the last three tax years.

¶10            At the evidentiary hearing, Mother testified that she owns a business and her income from the business varies monthly.  She stated:

> There's some times I will have a really good month, where I'll do a lot of jobs, and I'll make—I'll bank personally, maybe 35—40—5 grand tops, monthly.  There's other months, for example, winter months where you don't really work in the winter. * * * So in the winter months I bring home, I mean, let's see, I brought home $2,300 in the winter months.

¶11            Mother also testified that she had not filed a tax return for the prior two years and did not know her income for those years.

¶12            The superior court found Mother's testimony vague and abstract and determined that the $2,511 gross income listed in her AFI was not credible given her $10,000 monthly expenses.  It concluded that Mother makes at least $10,000 per month, "if not substantially more."

¶13            Although Mother claims her uncontroverted testimony established that her income fluctuates and averages around $2,500 per month, that is not supported by the record.  She testified that $2,500 was her income in a slower month, not her average income.

¶14            Further, we are not persuaded by Mother's argument that the superior court erred by rejecting her testimony and the $2,511 income she claimed in her AFI without any "contrary testimony, expert analysis, or vocational evidence."  As the trier of fact, the superior court determines the credibility of witnesses and the weight to give their testimony and other evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).  It could consider Mother's testimony and exhibits in deciding how to resolve the petition to modify child support.  We will not reweigh the evidence or second-guess the court's credibility determinations. *Id.*

¶15            By way of explaining why her monthly expenses greatly exceed her income, Mother notes that she receives financial assistance from her partner for her living expenses.  She maintains the superior court erred by not crediting this testimony.  Again, we will not reweigh the evidence or second-guess the court's credibility determinations. *Id*.  We note, however, that Mother testified that her partner had only started providing financial assistance after she completed the AFI and she admitted that she had

offered the court no evidence of the amount of her partner's contribution to her living expenses.

**¶16** Finally, Mother contends the superior court failed to follow the Guidelines, which require the court to base any attribution of income on an analysis of specific factors, including past work history, occupational qualifications, and the availability of work. *See* Guidelines, § II.A.4.d. The superior court presumes that a parent is capable of full-time employment and may attribute income to a parent for purposes of calculating child support when the parent is unemployed or working below his or her full earning capacity. *Little v. Little*, 193 Ariz. 518, 520–21, ¶ 6 (1999); Guidelines § II.A.4. That is not what happened here. There is no dispute that Mother works at her full earning capacity; the question is how much money she makes. The court did not attribute income to Mother, it determined the amount of her income based on the evidence presented at the hearing. The court found that Mother had offered no credible evidence of her income and did not abuse its discretion by determining Mother's income at least equaled her monthly expenses. *Gutierrez*, 193 Ariz. at 347, ¶ 13.

**¶17** However, the superior court's finding that Mother has income of $10,000 per month is not supported by the record. The court based this amount on the expenses Mother identified in her AFI. But, $3,400 of the expenses listed on Mother's AFI were designated as "anticipated" expenses for the children, not actual expenses that Mother had been paying with her income. While the superior court did not abuse its discretion by treating Mother's expenses as a proxy for her current income in the absence of other evidence, the court should only have included Mother's current expenses, not her anticipated future expenses.

## III. Attorney Fees on Appeal.

**¶18** Both Mother and Father request attorney fees on appeal. Mother requests attorney fees under ARCAP 21(a), but ARCAP 21 does not create a substantive right to attorney fees. *Bed Mart, Inc. v. Kelley*, 202 Ariz. 370, 375, ¶ 24 (App. 2002). Additionally, Mother only requested attorney fees in her reply brief, in violation of ARCAP 21(a)(1). ARCAP 21(a)(1) ("A party claiming attorneys' fees must do so in an opening or an answering brief on appeal."). Because Mother failed to identify applicable authority to justify her request for attorney fees, her request is denied. *See Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 12, ¶ 41 (App. 2018).

**¶19** Father requested attorney fees under A.R.S. § 25-324. As previously discussed, *supra* ¶ 7, Mother's briefs on appeal contained

numerous citation errors and presented false and inapposite legal authority. When confronted by Father, Mother doubled down and lied to the Court in her reply brief instead of admitting to her use of artificial intelligence. Mother's behavior on appeal is unreasonable. We award Father his reasonable attorney fees and costs under A.R.S. § 25-324 and ARCAP 25 upon compliance with ARCAP 21.

## CONCLUSION

¶20      For the foregoing reasons, we vacate the child support order and remand for further proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR